### Boughman v. Mayfield, Administrator
*[Cite as 5 AOA 82]*

Case No. CA-412
Holmes County, (5th)
Decided July 26, 1990

William Z. Christoff, 26 South Erie, Massillon, Ohio, 44646, for Plaintiff-Appellant.

Anthony J. Celebrezze, Jr., Attorney General, for Defendants-Appellees.

Scott A. Armour, Assistant Attorney General, Workers' Compensation Section, 654 East State

*Street, Suite 708, Columbus, Ohio 43266-0590, for Defendants-Appellees.*

*David E. Stucki, 427 Grosvenor Drive, N.W., Massillon, Ohio 44647, for Defendants-Appellees.*

HOFFMAN, J.

In this workers' compensation appeal, plaintiff-appellant is Glenn K. Boughman, Sr., deceased, Donna Boughman, widow-claimant. Defendants-appellees are James L. Mayfield, Administrator, Bureau of Workers' Compensation, et al.

Before reciting the facts, we state the central issue herein as:

"The issue presented for this court's review is whether Glenn K. Boughman, deceased, was an employee of Charles Boughman, dba Boughman Trucking, or an independent contractor at the time of his accident and death on May 31, 1985."

The following is a statement of the facts and ensuing litigation in this matter:

In April, 1979, Glenn Boughman (Glenn) entered into a verbal agreement with his father Charles Boughman, defendant-appellee, to haul milk from various farms in Holmes County to Brewster Dairy. The route that Glenn was responsible for had been slowly developed by his father over the preceding years. Glenn was to be paid at the rate of thirty cents per can of milk that he delivered to the dairy.

Glenn used a truck owned by his father to haul the milk because he could not afford to purchase a truck of his own. Moreover, Glenn maintained the truck himself even though his father paid for any gasoline used or parts required as Glenn did not have the money to do so for himself. The only requirement placed upon Glenn was that Brewster Dairy required that the milk be delivered to it by 4:00 p.m. Glenn was not required to begin the route at any specific time, nor was he required to complete the route in any specific order or pattern.

Glenn's mother, Alma Boughman, was responsible for the bookkeeping of the milk-hauling business. Once a month, Glenn would verify the number of cans delivered to the Dairy and calculate the amount owed to him. Mrs. Boughman would issue Glenn a check for the amount owed to Glenn, less any money owed by Glenn to his father for gasoline or other items that he purchased on his father's credit. Mrs. Boughman made no other withholding from Glenn's check for taxes, social security, or workers' compensation.

Glenn hauled milk until January, 1983, when he and his family moved to Texas. However, Glenn and his wife Donna, plaintiff-appellant, returned to Ohio in April, 1983. From the date of his return until his death on May 31, 1985, Glenn and his family received welfare.

Despite receiving welfare, Glenn resumed his milk-hauling arrangement with his father in September, 1984. The working agreements and conditions were the same as they had been previously.

On May 31, 1985, while hauling milk, Glenn Boughman was killed. As a result of his death, appellant filed a claim with the defendant-appellee, Bureau of Workers' Compensation, for the right to receive benefit from the Workers' Compensation Fund. At each of three administrative hearings, her claim for benefits was denied.

Subsequently, appellant timely appealed the Bureau of Administration's determination to the Holmes County Common Pleas Court. The matter was tried before a jury on November 30, 1989. The jury returned a verdict finding that the appellant was not entitled to participate in the Workers' Compensation Fund. It is from this verdict that appellant appeals to this court.

Appellant-claimant raises the following assignment of error:

"ASSIGNMENT OF ERROR
THE JURY'S VERDICT THAT THE PLAINTIFF-APPELLANT WAS NOT ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND BASED ON ITS DETERMINATION THAT GLENN K. BOUGHMAN, SR., DECEASED, WAS NOT AN EMPLOYEE OF THE DEFENDANT-APPELLEE, CHARLES BOUGHMAN DBA BOUGHMAN TRUCKING AT THE TIME OF HIS DEATH IS CONTRARY TO THE WEIGHT OF THE EVIDENCE."

Both sides to the appeal *sub judice* agree that the *"Gillum test"* is the measure to be applied. It reads as follows:

"Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner of means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is

thereby created." *Gillum v. Industrial Comm.* (1943), 141 Ohio St. 373, syllabus 2.

Also applicable is *Bostic v. Connor* (1988), 37 Ohio St. 3d 144:

"The determination of who has the right to control must be made by examining the individual facts of each case. The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payments; and any pertinent agreements or contracts." At 146. Citations omitted.

As stipulated by the parties, decedent and his father had no written contracts or agreements between them. Additionally, trial testimony revealed that at no time did Glenn's father withhold any monies for federal or state income tax, social security, or workers' compensation. Also, testimony of Charles Boughman and appellant-widow demonstrated that in the years that decedent filed income tax, he (Glenn) reported earnings received from his milk delivery as self-employment earnings and also filed the pertinent schedule for self-employment social security taxes. (Defendants' trial Exhibits 2 and 3). Charles Boughman also testified that Glenn controlled how he (Glenn) would travel the route and also exhibited control over which farmers he would service. (Some farms were added; others dropped from the route).

Our scope of review in a case such as this is very forthright. We review the record to determine "whether there was relevant, competent, credible evidence upon which the fact-finder could base his judgment. Generally, this means the judgment of the trial court will not be reversed so long as the verdict and judgment is within the perimeters of the conflicting evidence." *Cross Truck Equipment Co. v. Jeffries* (Feb. 10, 1982)1 Stark App. No. CA-5758, unreported, page 3 (civil case regarding whether repairs were accomplished in a workmanlike manner). Our scope of review further proscribes this court from substituting our judgment for that of the fact finder at the trial level.

Based upon the above standard of review, we find that appellees generated more than sufficient, probative evidence to allow the jury to render its determination.

Having found that the judgment of the trial court is supported by competent evidence, we overrule appellant's sole assignment of error. See *C.E. Morris v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, syllabus.

For the above reasons, the judgment of the Court of Common Pleas of Holmes County is affirmed.

MILLIGAN, P.J., and GWIN, J. concur.