HAGINS, Appellant,

v.

CARLISLE CONSTRUCTION COMPANY, INC., Appellee, et al.

[Cite as *Hagins v. Carlisle Constr. Co., Inc.* (1996), 115 Ohio App.3d 363.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96-05-042.

Decided Oct. 21, 1996.

**364**

*Blumenstiel, Huhn, Wood & Adams* and *Mark A. Adams*, for appellant.

*Frost & Jacobs* and *Grant S. Cowan*, for appellee, Carlisle Construction Co.

POWELL, Judge.

On December 11, 1993, plaintiff-appellant, James B. Hagins, was employed by McGraw Kokosing, Inc. ("McGraw") as a crane operator. Appellant reported for work that day at a construction project McGraw had undertaken at the AK Steel plant in Middletown, Ohio. Appellant was assigned to move a series of metal plates into a pit using an eighteen-ton crane. The task specifically required appellant to lift each of the plates with the crane and then drive the crane down a ramp bordered by two four-foot-high walls into the base of the pit.

Appellant initially inspected the crane and then began the work. Appellant picked up the first metal plate and then maneuvered the crane down the ramp in a straight line toward the bottom of the pit. Appellant positioned the metal plate, released it, and backed the crane out of the pit. Appellant then picked up a second plate and drove the crane toward the ramp at an angle. Appellant claims that the crane suddenly and unexpectedly accelerated at that point, causing the wheels on the left side of the crane to move along the flat surface on top of the wall bordering the ramp while the wheels on the right side of the crane continued to descend down the ramp toward the pit. The crane subsequently became unbalanced and tipped onto its side, seriously injuring appellant.

The crane appellant was operating at the time of the accident was leased to McGraw by defendant-appellee, Carlisle Construction Co., Inc. ("Carlisle"). The lease agreement between McGraw and Carlisle provided as follows:

"3 Maintenance, Operation and Repairs

"A. Operation by Lessee. Lessee shall employ only competent operators and shall assume full responsibility for the equipment during the rental period, shall take reasonable and proper care thereof, shall lubricate it thoroughly as recommended by the manufacturer, shall not permit its use beyond its rated capacity, and shall return it to the Lessor at the end of the rental period in the same condition as received, ordinary wear and tear excepted. * * * Should Lessee discover any defect in the equipment, it shall notify the Lessor immediately, and if so instructed by the Lessor shall cease using the equipment.

" * * *

"C. Repairs. The Lessee, at its own cost and expense, shall keep the equipment in good repair, condition, and working order and shall furnish any and

all parts, mechanisms and devices required to keep the equipment in good mechanical and working order. The Lessee specifically agrees to be responsible for replacement of cables, brake bands, clutches or drive chains, unless otherwise agreed to by the Lessor, and to call Lessor's mechanics to make any repairs which Lessee is unable to otherwise effect. The Lessee agrees to pay for labor, parts, and travel costs in the event that Lessor's mechanics furnish parts or repairs at Lessee's request.

" * * *

"6. DISCLAIMER OF WARRANTY. LESSOR MAKES NO REPRESEN-TATION OF WARRANTY, EXPRESS OR IMPLIED, AS TO THE MER-CHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE EQUIPMENT, OR ANY OTHER REPRESENTATION OR WARRANTY OF ANY KIND WHATSOEVER. Lessee confirms that it has made (or will make) selection of each item of equipment on the basis of its own judgment * * *."

On August 17, 1995, appellant brought suit against Carlisle in the Warren County Court of Common Pleas. The complaint filed by appellant alleged that Carlisle had negligently failed to properly maintain and inspect the crane involved in the accident before leasing it to McGraw. Carlisle subsequently moved for summary judgment pursuant to Civ.R. 56(C). The trial court granted Carlisle's motion for summary judgment in an order dated March 22, 1996. Appellant now appeals setting forth the following assignment of error:

"The trial court erred in granting appellee's motion for summary judgment on the issue of appellee's negligence and status as a supplier under Ohio Revised Code Section 2307.71(O)."

Civ.R. 56(C) specifically provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion, which is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884.

Appellant contends that he is entitled to recover for his injuries under R.C. 2307.78, which provides as follows:

"(A) Subject to division (B) of this section, a supplier is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, that either of the following applies:

"(1) The supplier in question was negligent and that negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages[.]"

R.C. 2307.71(*O*) defines "supplier" as that term is used in R.C. 2307.78(A)(1) and provides as follows:

"(1) 'Supplier' means, subject to division (*O*)(2) of this section, either of the following:

"(a) A person that, in the course of a business conducted for the purpose, sells, distributes, leases * * * or otherwise participates in the placing of a product in the stream of commerce[.]

" * * * *

"(2) 'Supplier' does not include any of the following:

" * * * *

"(d) Any person * * * who leases a product under a lease arrangement in which the selection, possession, maintenance, and operation of the product are controlled by a person other than the lessor."

█ Appellant argues that Carlisle is a "supplier" within the meaning of R.C. 2307.71(*O*) because the lease agreement between McGraw and Carlisle required McGraw to (1) use Carlisle's mechanics to make any repairs McGraw was unable to successfully complete and (2) notify Carlisle of any defects in the equipment and possibly cease using the equipment if directed to do so. We disagree.

The express language of the lease agreement between McGraw and Carlisle indicates that McGraw controlled the maintenance, selection, operation, and possession of the crane involved in the accident during the entire term of the rental period. The mere fact that the lease required McGraw to use Carlisle's mechanics to make any repairs it was unable to complete on its own or to notify Carlisle of any defects in the equipment and possibly cease using the equipment under such circumstances does not render Carlisle a supplier for purposes of R.C. 2307.71(*O*). Accordingly, we hold that Carlisle is not a supplier within the meaning of R.C. 2307.71(*O*) as a matter of law and that appellant is therefore barred from recovering under R.C. 2307.78.

█ Appellant also contends that he is entitled to recover on a separate common-law negligence theory even if Carlisle is not a supplier for purposes of R.C. 2307.71(*O*) and 2307.78. The plaintiff in a negligence action bears the burden of proving the existence of a legal duty, a breach of that duty by the defendant, and that an injury proximately resulted therefrom. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710. Appellant argues that the accident in this case was proximately caused by a defective throttle mechanism on the crane which caused it to suddenly accelerate without warning. Again, we must disagree.

Appellant testified in his deposition that the accident occurred when he drove the crane down the ramp at an angle such that the wheels on the left side of the crane were moving along the top of the wall bordering the ramp while the wheels on the right side of the crane were descending the ramp into the pit. Appellant also testified that the crane eventually became unbalanced because its left wheels were on top of the wall bordering the ramp and that the crane eventually tipped onto its side due to this condition. Appellant testified that the crane's engine did begin "revving," but that he was able to keep the crane "creeping" at a "slow pace" by applying the brakes.

Having carefully reviewed this testimony and all of the other relevant evidence presented by the parties, we are satisfied that reasonable minds could only conclude that appellant caused the crane to overturn by driving it down the ramp at such an angle that its left wheels were on top of the wall bordering the ramp while the right wheels were descending the ramp toward the pit. Appellant has simply not presented any evidence which would allow a jury to conclude that the crane overturned because of some hidden defect in its throttle mechanism that prevented him from controlling its speed. Therefore, we find that the trial court properly granted summary judgment for Carlisle on appellant's negligence claim. Appellant's sole assignment of error is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.