On August 15, 1996, relator-appellant, Richard Padgett, filed a petition for a writ of mandamus in the Madison County Court of Common Pleas pursuant to R.C. 2731.04. The petition alleged that respondent-appellee, the Ohio Adult Parole Authority ("OAPA") had failed to credit an unspecified period of pretrial detention against the lengthy sentences appellant is currently serving for various theft offenses.
Both parties subsequently filed cross-motions for summary judgment pursuant to Civ.R. 56(C). The trial court granted the OAPA's motion for summary judgment in an order dated October 25, 1996. Appellant now appeals arguing that the trial court erred in grating the OAPA's motion for summary judgment.
Civ.R. 56(C) specifically provides that summary judgment is appropriate where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
The Ohio Supreme Court has established a three-prong test which we must apply in order to determine whether a writ of mandamus should be issued. In State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, the Ohio Supreme Court set forth this test as follows:
 This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.
Our review of the record indicates that appellant has not presented any evidence which shows that he is entitled to credit for any jail time served other than that which the OAPA has already set off against his sentences. Appellant has consequently failed to demonstrate either a clear right to the relief sought or that the OAPA is under a clear legal duty to perform any act which it has not already completed. Therefore, the trial court properly found that appellant is not entitled to mandamus relief as a matter of law. Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.