OPINION
Plaintiffs-appellants, Gary and Diane Dougherty, appeal a judgment of the Butler County Court of Common Pleas granting a motion for summary judgment filed by defendant-appellee, Diane Boshears. We affirm.
Appellant asserts the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANT HAD KNOWLEDGE OR SHOULD HAVE HAD KNOWLEDGE OF UNUSUAL CONDITIONS OR FORESEEABLE CONDITIONS THAT COULD POTENTIALLY CAUSE AN INJURY.
In June 1993, appellant was struck in the eye by an object that he claims was thrown from appellee's lawn mower. At the time of the accident, appellant was driving eastbound on Route 122 in a pick-up truck with the windows down. Appellee was mowing the portion of her yard that lies along the roadside. As he passed appellee, appellant heard a "cling" and felt something strike him in the eye. Appellant pulled his truck over and walked back to appellee, telling her "Lady, you put my eye out."
Appellant subsequently filed a personal injury action against appellee alleging that she had negligently "failed to inspect the yard prior to operating the lawn mower when she knew, or should have known, that any foreign object struck by the lawn mower would be projected at a high rate of speed and could cause injury to any passersby."
Both parties were deposed. For his part, appellant stated that he was driving past Boshears' property on Route 122 one day in June 1993 when he saw a "lady" mowing grass on the side of the road. As he passed her, "something hit [him] in the eye." Appellant stated that he never found the object that struck him. Appellant did not inspect Boshears' property after the incident. He stated that he was aware of the "rocky" condition of the property from his experience of "walking the road years [sic] and knowing that it was rocky because they just * * * did the new highway they come in [sic] and put stone down on the side because it was real deep right down through there, and they laid some probably crushed stone but that's been probably a year or so ago * * *."
In her deposition, appellee testified that she typically inspects her yard before mowing and that she did so on the day appellant was injured. She stated that she did not recall running over anything or "hitting something that projected out in to [sic] 122" that day.
Following discovery, appellee moved for summary judgment. In an affidavit attached to her motion for summary judgment, appellant stated as follows:
 I always inspect the grass before cutting it to look for bottles, cans, rocks, or anything that might cause a problem, and I did so before starting to cut the grass on that date.
 I further state that the slope at the edge of the yard up to the roadway is covered with grass, and was so covered in June of 1993. To the best of my recollection there were no bare spots in that area and there were no rocks or debris of any kind in existence on that date in my yard.
Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); Bostic v. Connor (1988), 37 Ohio St.3d 144,146. The party seeking summary judgment "bears the burden of affirmatively demonstrating that, with respect to every essential issue * * * there is no genuine issue of fact." Dresher v. Burt (1996), 75 Ohio St.3d 280, 294. If the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "set forth specific facts showing that there is a genuine issue for trial." Dresher; Civ.R. 56(E).
The trial court concluded, and the record supports the conclusion, that there were "no unusual conditions in [appellee's] yard on the day of the injury." The trial court also found that appellee:
 was not operating the mower with the knowledge of unusual or foreseeable conditions which could potentially cause an injury. The grass was not abnormally high, no debris was seen or heard being ejected from the mower, there was no knowledge of rocks or debris present in the area after an inspection occurred.
Again, the record supports this finding by the trial court.
After reviewing the record, we find that appellant has failed to meet his burden to establish that there is a genuine issue of material fact for trial. Appellee testified that she inspected her yard prior to mowing and that the yard was free from debris. Appellant, on the other hand, has presented no evidence which could cause us to conclude otherwise.
Accordingly, the assignment of error is overruled and the judgment is affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.