[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Fereidoun Shokouhi, the Champaign County Engineer and the Adams Township Board of Trustees appeal separately an order denying their motions for summary judgment in the Shelby County Court of Common Pleas.
Dorothy and Arthur Pequignot (the Pequignots), filed an action for damages and injunctive relief alleging that appellants caused and were continuing to cause flood damage to the Pequignot farm in Shelby County, Ohio. The Pequignots also claimed appellants trespassed on their land.
Appellants do not dispute they each, at separate times, worked on the storm water drainage system along County Road 4 near the Pequignot farm. In the fall of 1995, Adams Township, a political subdivision within Champaign County, installed a drainage tile system which caused water that had been accumulating east of County Road 4 in Champaign County to pass beneath County Road 4 and "flow onto Appellee's property" in Shelby County. One year later the Champaign County Engineer replaced a 21 inch metal corrugated culvert with a 24 inch concrete culvert, crossing beneath County Road 4 from east to west. County Road 4 divides Champaign County to the east from Shelby County to the west.
Appellants separately moved for summary judgment. Neither disputed that the Pequignots suffered flooding after the drainage projects were completed. Also, Adams Township admitted they may have negligently entered onto the property of the Pequignots. Appellants argued, however, they are immune from liability as a matter of law under the Political Subdivision Tort Liability Act, R.C. 2744. et seq. The trial court denied their motions for summary judgment and appellants have taken this appeal pursuant to R.C. § 2744.02(C).
 I.
The Champaign County Engineer raises four assignments of error. The engineer's second assignment of error, however, is dispositive as to his liability to the Pequignots.
The engineer's second assignment of error states:
 The trial court erred in denying defendants-appellants' motion for summary judgment because the county engineer did not act manifestly outside the scope of his official responsibilities; did not act with malicious purpose, in bad faith, or in a wanton or reckless manner; and did not act contra to any other section of the Revised Code that may have expressly imposed liability.
The engineer argues that a provision of the Political Subdivision Tort Liability Act affords him, as an employee of a political subdivision, immunity from tort liability as a matter of law. R.C. § 2744.03(A)(6). Specifically, the engineer claims there is no genuine issue of fact with respect to whether he is immune from liability because the Pequignots did not allege and nor can they prove any of the three exceptions to employee immunity under R.C. § 2744.03(A)(6)(a)-(c).
When reviewing a determination on a motion for summary judgment, an appellate court's review is independent of the trial court's judgment. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411, causedismissed, 39 Ohio St.3d 710, 534 N.E.2d 94. Summary judgment is available under Ohio Civ.R. 56(C) when the movant establishes the following: 1) that there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. Bosticv. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
As noted, the engineer claims R.C. 2744.03(A)(6) affords him immunity as a matter of law. That statute reads in part:
 § 2744.03 Defenses or immunities of subdivision and employee.
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
* * *
 (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official;
 (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.
R.C. § 2744.03(A)(6) (emphasis added).
Appellant, Fereidoun Shokouhi, stated by affidavit that he was appointed to his position as the Champaign County Engineer. The Pequignots claim only that Mr. Shokouhi was elected to his position as county engineer. The statute, under R.C. § 2744.01(B), defines an employee of a political subdivision as "any elected orappointed official of a political subdivision." (emphasis added). A county is a political subdivision pursuant to R.C. § 2744.01(F). Therefore, Mr. Shokouhi, whether appointed or elected to his office, is an employee of a political subdivision for purposes of statutory immunity. The issue for our determination, therefore, is whether the engineer, as an employee of a political subdivision, has offered sufficient evidence demonstrating that he is immune from the Pequignot's tort suit as a matter of law.[1]
The Pequignots allege in their complaint that the engineer "installed a . . . culvert which substantially and unreasonably altered the existing drainage patterns in the area" of County Road 4 and caused flooding on their farm. This allegation, however, fails to raise any of the three exceptions to employee immunity, that the employee's conduct was either 1) "manifestly outside the scope of his employment or official responsibilities," 2) done "with malicious purpose, in bad faith, or in a wanton or reckless manner," or 3) such that the employee is subject to liability otherwise expressly imposed under another provision of the Revised Code. Jackson v. Butler Cty. Bd. of Cty. Commrs. (1991), 76 Ohio App.3d 448,453, 602 N.E.2d 363, 366, discussing R.C. 2744.03(A)(6)(a)-(c).
Nevertheless, the Pequignots contend they sufficiently raised the first exception to employee immunity in R.C. § 2744.03(A)(6). As noted, the first exception to employee immunity does not insulate a political subdivision employee from liability when he causes loss while acting "manifestly outside the scope" of his "employment or official responsibilities." R.C. § 2744.03(A)(6)(a). The duties of a County Engineer are set forth in the Ohio Revised Code:
 The county engineer shall perform for the county all duties authorized or declared by law to be done by a registered professional engineer or registered surveyor, except those duties described in Chapters 343., 6103., and 6117. of the Revised Code. He shall prepare all plans, specifications, details, estimates of cost, and submit forms of contracts for the construction, maintenance, and repair of all bridges, culverts, roads, drains, ditches, roads on county fairgrounds, and other public improvements, except buildings, constructed under the authority of any board within and for the county. * * *
R.C. § 315.08 (emphasis added).
Further, the County Engineer also has a right of entry under the Revised Code.
 The county engineer or anyone acting under his authority, when authorized by the board of county commissioners or board of township trustees, may enter immediately:
 (A) Upon any lands adjacent to any of the highways in the county for the purpose of opening an existing ditch or drain, or for digging a new ditch or drain for the free passage of water for the drainage of highways * * *
R.C. § 5543.12(A)
Dorothy Pequignot conceded during her deposition that she has no evidence the county engineer trespassed onto her farm. Mrs. Pequignot stated, however, that after the Champaign County Engineer installed a larger and smoother culvert beneath County Road 4, a greater amount of water passed beneath the county road causing her fields to be further eroded. The Pequignots claim the engineer is individually liable for such damage because the engineer was without "jurisdiction" to replace the culvert without the joint cooperation of Shelby County pursuant to R.C. § 6133.et seq.
First, it is not clear that the activity here, the replacement of a culvert beneath a county road, is an activity governed by Chapter 6133 of the Revised Code which concerns the improvement of "County Ditches." Further, the statute cited addresses the need for the engineer's employer, Champaign County, to cooperate with bordering counties when improving ditches. Id. Therefore, even if the county engineer's employer may have acted without the cooperation of another county, the Pequignots do not explain how that, if true, makes the engineer individually liable for engaging in conduct within the scope of his employment as defined by statute. See, R.C. §§ 315.08 5543.12(A).
Accordingly, the conduct here, replacing a culvert beneath a county road which happens to divide two counties is not an activity so manifestly outside the scope of the county engineer's employment or official responsibilities so as to make any loss caused thereby the individual responsibility of the county engineer. R.C. 2744.03(A)(6)(a). Because the engineer stated by affidavit that he was authorized by the Champaign County Commissioners to replace the road culvert near the Pequignot farm and the Pequignots have identified nothing in the record which refutes this statement, there is no genuine issue of fact with respect to whether the engineer acted manifestly outside the scope of his employment. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264, 274.
The second exception to employee immunity is where the employee acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. § 2744.03(A)(6)(b). As noted, such conduct was not even alleged in the Pequignots' complaint. Further, the only evidence relating to the engineer's motivation for having the culvert replaced is his affidavit. There, the engineer explains that the installation of the culvert was necessary to ensure public safety by preventing "erosion of the roadway and shoulder" caused by the "blocked" culvert that had been beneath the road. Accordingly, nothing in this record indicates a genuine issue of fact exists with respect to whether the engineer acted with malicious purpose, in bad faith or in a wanton or reckless manner. R.C. § 2744.03(A)(6)(b).
The remaining exception to immunity provides that no immunity is available where "[l]iability is expressly imposed upon the employee by a section of the Revised Code." R.C. § 2744.03(A)(6)(c). The trial court specifically cited this exception to immunity when it denied the engineer's motion for summary judgment. This exception, however, defeats an immunity claim only when express liability is imposed "under another
section of the Revised Code." R.C. § 2744.03(A)(6)(c) (emphasis added). The clear import of subsection (c) is to prevent political subdivision employees from invoking R.C. § 2744.03(A)(6) as a defense to liability when liability is expressly imposed by another section of the Revised Code. Because no other section of the Revised Code expressly imposes liability on the engineer for the acts claimed, this exception does not, as a matter of law, overcome the engineer's claim of immunity in this case.
Mr. Shokouhi, the Champaign County Engineer, is not himself a political subdivision, but an employee of a political subdivision. It appears the trial court's analysis misinterpreted the engineer's official status. Because the engineer has demonstrated that he is not individually liable as an employee of a political subdivision for the negligent installation of the road culvert near the Pequignot farm, the trial court erred when it denied his motion for summary judgment.
The engineer's second assignment of error is sustained. The engineer's remaining three assigned errors therefore are moot and are overruled.
 II.
Adams Township also filed a separate notice of appeal and raises three assignments of error.
In its first assignment, Adams Township claims:
 The trial court erred in denying defendants' motion for summary (sic) by not executing a full analysis of the sovereign immunity issue, as to when immunity attaches.
Adams Township claims the trial court did not go far enough in its application of the Political Subdivision Tort Liability Act. Specifically, Adams Township claims the court ignored two defenses available to the township in R.C. § 2744.03(A)(3) 
(A)(5).
Adams Township, as a political subdivision under R.C.2744.01(F), is generally immune from tort liability. R.C. § 2744.02(A). However, political subdivisions are subject to liability for the "negligent performance of acts by their employees with respect to proprietary functions of the political subdivision." R.C. § 2744.03(B)(2). The "maintenance . . . operation, and upkeep of a sewer system" is a proprietary function of a political subdivision. R.C. § 2744.01(G)(2)(d). Adams Township does not dispute that their activity here, the maintenance of a storm water drainage system, meets this definition. See, Nice v. Marysville (1992), 82 Ohio App.3d 109,117, 611 N.E.2d 468, 473 (maintenance of city storm sewer beneath private residence is a proprietary governmental function under R.C. § 2744.01(G)(2)(d)); Kiep v. City of Hamilton (May 19, 1997), Butler App. No. CA96-08-158, unreported (maintenance of city drainage ditch is a proprietary governmental function under R.C. § 2744.01(G)(2)(d)); and Best v. Findlay (Dec. 5, 1997), Hancock App. No. 5-97-22, unreported (maintenance of city sewer stacks installed on private property is a proprietary governmental function under to R.C. § 2744.01(G)(2)(d)).
Adams Township does, however, argue that it is immune from liability as a matter of law under either of two defenses afforded to political subdivisions. Those defenses state:
 (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
* * *
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
R.C. § 2744.03(A)
To establish its first defense, Adams Township must demonstrate that no factual dispute exists as to whether the action causing Pequignots' flood damage was a consequence of a discretionary act performed by an employee of Adams Township. Civ.R. 56(C); R.C. § 2744.03(A)(3). Adams Township stated in its answer to interrogatory number two that the drainage work they conducted near the Pequignot farm in the Fall of 1995 was performed by a private contractor, "Pullins Drainage." Adams Township, however, has offered no evidence indicating that Pullins Drainage acted in a "discretion[ary manner] . . . with respect to policy-making [or] planning powers . . . by virtue of the duties and responsibilities of [an] office or position . . ." R.C.2744.03(A)(3). Pullins Drainage apparently was the only agent hired by Adams Township for this project.
Adams Township does argue that because the Champaign County Engineer exercised his discretion when deciding to replace a culvert on the same road one year later, that the township can somehow derive immunity from his conduct. First, there is no indication in the record that the Champaign County Engineer was employed by Adams Township, a requirement for this defense pursuant to R.C. § 2744.03(A)(3). Further, the Champaign County Engineer stated in his affidavit that "at no time did my office participate in any manner in the installation or removal of either a drainage pipe or a breather pipe [by Adams Township] on or near the Pequignot farm."
Accordingly, Adams Township has no immunity pursuant to R.C.2744.03(A)(3).
To establish its second defense, Adams Township must demonstrate that no genuine issue of material fact exits as to whether the damage caused to the Pequignots' farm was the result of Adam Township exercising "judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources." Civ.R. 56(C); R.C.2744.03(A)(5).
Here again, Adams Township claims they are immune from liability because of "the county engineer's `exercise of judgment or discretion.'" (Adams Township Brief p. 7) (emphasis added). As noted above, however, Adams Township has presented no evidence indicating that the Champaign County Engineer was an employee of Adams Township or undertook any improvements on behalf of Adams Township. Therefore, Adams Township's claimed immunity cannot derive from the actions of the Champaign County Engineer.
However, despite Adams Township's argument, their assignment of error has merit. The Pequignot's allege in their complaint that the township "installed a drainage breather . . . which unreasonably altered the existing drainage patterns in the area." The Pequignots do not, however, claim that this drainage breather was installed improperly or that it is not doing what it is intended to do. Rather, the Pequignots challenge the decision by the township to make drainage improvements near their farm.
As noted, as a political subdivision, a township is immune from liability for loss arising out of the "exercise of judgment or discretion in determining . . . how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C.2744.03(A)(5). Accordingly, because there is not even an allegation that the township acted with malicious purpose, in bad faith or in a wanton or reckless manner when it decided how to use its drainage equipment, Adams Township is immune from liability here as a matter of law. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666,667, 653 N.E.2d 1186, 1187-1188 (a complaint against a political subdivision must at least contain factual allegations which remove the political subdivision from protection of the defenses in R.C. § 2744.03); See also, Jolly v. City of Cleveland
(March 12, 1998), Cuyahoga App. No. 72973, unreported (where failure to allege the city's conduct was with "malicious purpose," "in bad faith" or "in a wanton or reckless manner" was insufficient to raise a genuine issue of fact as to the political subdivision's liability for its decision not to apply abrasive strips to steps of city hall).
Because there exists no fact dispute as to Adams Township's immunity pursuant to R.C. § 2744.03(A)(5), the township's first assignment of error is sustained.
Adams Township's second and third assigned errors are therefore moot and are overruled.
Judgment of the Court of Common Pleas of Shelby County is Reversed and the cause is remanded to that court for entry of judgment in favor of the Champaign County Engineer and Adams Township on their motions for summary judgment, granting them immunity from liability on the Pequignots' claims for damages.
Judgment Reversed and Remanded for further proceedings consistent with this decision.
SHAW, P.J., and EVANS, J., concur.
[1] It should be noted, the Pequignots did not join Champaign County or the Champaign County Commissioners as defendants in this action. Accordingly, we make no determination as to whether the engineer's employer may be liable for any negligent conduct on his part. See, R.C.2744.03(B).