BOSTIC, APPELLEE, *v.* CONNOR ET AL.; BOB'S TRUCK SERVICE,
INC., APPELLANT.

[Cite as Bostic *v.* Connor (1988), 37 Ohio St. 3d 144.]

(No. 87-455—Submitted November 19, 1987—Decided June 15, 1988.)

145

*Casper & Casper* and *Douglas W. Casper,* for appellee.

*Eastman & Smith, John T. Landwehr* and *Thomas J. Gibney,* for appellant.

LOCHER, J. This appeal presents us with an issue that often arises in workers' compensation cases: whether the relationship of someone to an employer is that of master-servant or independent contractor. Because an independent contractor is not an employee for purposes of workers' compensation law, the resolution of this question determines the employer's obligation to contribute to, and the applicant's eligibility for benefits from, the State Insurance Fund. In this appeal, we are first called upon to decide whether the trial court erred in submitting this issue to the jury.

Whether someone is an employee or an independent contractor is or-

dinarily an issue to be decided by the trier of fact. The key factual determination is who had the right to control the manner or means of doing the work. In *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E. 2d 234, this court set forth the following test in paragraph two of the syllabus:

"Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." See, also, *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, 15 OBR 145, 472 N.E. 2d 335; *Richardson* v. *Mehan* (1982), 69 Ohio St. 2d 52, 23 O.O. 3d 90, 430 N.E. 2d 927; *Behner* v. *Indus. Comm.* (1951), 154 Ohio St. 433, 43 O.O. 360, 96 N.E. 2d 403, paragraphs one and two of the syllabus; *Firestone* v. *Indus. Comm.* (1945), 144 Ohio St. 398, 29 O.O. 570, 59 N.E. 2d 147, paragraph one of the syllabus; *Indus. Comm.* v. *Laird* (1933), 126 Ohio St. 617, 186 N.E. 718, paragraph four of the syllabus; and 1 Restatement of the Law 2d, Agency (1958) 12, Section 2. Cf. *Whittington* v. *New Jersey Zinc Co.* (C.A. 6, 1985), 775 F. 2d 698; and *Western Express Co.* v. *Smeltzer* (C.A. 6, 1937), 88 F. 2d 94.

The determination of who has the right to control must be made by examining the individual facts of each case. The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts. See Restatement, *supra,* at 485-486, Section 220; Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 33, Section 3.3; and *Gillum, supra,* at 380-382, 25 O.O. at 534-535, 48 N.E. 2d at 237-238.

In the case *sub judice,* the trial court denied the cross-motions for summary judgment and submitted the issue of who had the right to control to the jury. Summary judgment is appropriate when the following factors have been established:

"* * * (1)   that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47. See, also, Civ. R. 56(C); and *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

While the material facts of this case are not in dispute, appellant argues that the trial court should have found Bostic to be an independent contractor as a matter of law.

Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court. See *Schickling* v. *Post Publishing Co.* (1927), 115 Ohio St. 589, 155 N.E. 143, syllabus. However, the issue becomes a jury question

where the claimant offers some evidence that he was an employee rather than an independent contractor. See *Laird, supra,* at paragraph three of the syllabus. As set forth in *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, 58 O.O. 2d 424, 280 N.E. 2d 896, paragraph four of the syllabus:

"It is the duty of a trial court to submit an essential issue to the jury when there *is* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue * * *." (Emphasis *sic*.)

Because appellee submitted sufficient evidence to permit reasonable minds to differ on the issue of who had the right to control the manner or means of doing the work, we find that the trial court did not abuse its discretion in submitting the issue to the jury. Our review of the record reveals that there was evidence from which the jury could reasonably infer that Bostic was either an employee or an independent contractor.

On one hand, evidence was presented which tends to prove Bostic had the right to control the manner or means of doing his job. Bostic's original agreement with appellant was in the form of a lease agreement rather than a union contract between appellant and its employees. Decedent was not a member of the union to which appellant's employees belonged. He began to make the delivery with his own tractor. He did not fill out the health insurance forms required of appellant's employees. He did not agree to become appellant's full-time employee again in his discussion of the matter with Rose. The jury could reasonably conclude from this evidence that Bostic was an independent contractor.

On the other hand, evidence was presented which tends to indicate that appellant had the right to control the manner or means by which Bostic did his work. At the time of the accident, Bostic was using appellant's tractor-trailer. The amended agreement between Bostic and appellant provided that, for the second half of the haul, Bostic would be paid the same percentage of gross revenue as any other employee. Appellant provided Bostic with credit cards. Appellant paid Bostic with an employee payroll check, rather than the kind of check appellant used to pay independent contractors. Appellant withheld taxes from Bostic's pay. Appellant gave Bostic specific instructions to return immediately after the delivery without soliciting a return cargo. From this evidence, the jury could reasonably infer that Bostic was appellant's employee.

*Construing the evidence most strongly in appellee's favor,* we cannot say the trial court erred in denying appellant's motion for summary judgment.[1] Appellant's arguments to the contrary are therefore overruled.

Appellant also contends the trial court erred when it excluded four of appellant's proposed jury instructions. The omitted instructions, according to

---

[1] Appellant further contends the trial court erred in denying its motion for a directed verdict. Appellant interprets the trial court's ruling, when it considered the parties' cross-motions for summary judgment, that "[t]he evidence is not determinative of the issue of who had the right of control over the work * * *," to mean that appellee had failed to present evidence which warranted even an inference that Bostic was appellant's employee. We find appellant's contention to be flawed. The trial court's ruling clearly stands for the proposition that it could not conclude *as a matter of law* that Bostic was either an employee or an independent contractor, and that therefore the issue was for the jury to decide.

appellant, concerned factors that distinguished between independent contractors and employees, and that tended to prove Bostic was an independent contractor.[2] Because it is within the sound discretion of a trial court to refuse to admit proposed jury instructions which are either redundant or immaterial to the case, we find that the trial court acted properly in excluding the instructions proposed by appellant. The first excluded instruction, that a person who performs work at a fixed price tends to be an independent contractor, is irrelevant because both employees and independent contractors working for appellant are paid fixed percentages of the gross revenue for each delivery. Appellant's second excluded instruction, that a person who specializes in a type of work and who works without supervision tends to be an independent contractor, is immaterial here because appellant's employees and independent contractors both specialize in trucking freight and both usually operate without supervision. The third excluded instruction, that an independent contractor tends to be a person possessing special skills necessary for his occupation, is irrelevant in this case because the same skills are possessed by both the employees and the independent contractors hired by appellant.[3] The final

excluded instruction, that an independent contractor tends to be a person who is paid by the job rather than by the hour, is immaterial because both the employees and the independent contractors working for appellant are paid by the haul. Thus, while these factors may generally be useful in distinguishing employees from independent contractors, they would not have been useful to the jury in this particular case. The instructions given by the trial court were valid and complete under the circumstances. As a result, appellant's contention is not well-taken.

Appellant next maintains that the trial court erred in refusing to admit the testimony of its expert witness. Appellant claims the testimony was admissible because it would have aided the jury to determine the character of Bostic's employment by appellant. While testimony on an ultimate issue to be decided by the trier of fact is not *per se* inadmissible in Ohio, it is within the sound discretion of a trial court to refuse to admit the testimony of an expert witness on an ultimate issue where such testimony is not essential to the jury's understanding of the issue and the jury is capable of coming to a correct conclusion without it. See Evid. R. 702 and 704.[4] The jury in this case was quite capable of understand-

---

[2] Appellant asserts the inclusion of these instructions would have resulted in the sending of a complete statement of the law concerning the distinctions between employees and independent contractors as set forth in *Gillum, supra,* at 380-382, 25 O.O. at 534-535, 48 N.E. 2d at 237-238.

[3] The fact that appellant's employees attend an orientation session upon joining the company does not make this instruction relevant to this case, because Bostic had attended such a session when he was previously employed by appellant.

[4] Evid. R. 704 provides:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable *solely* because it embraces an ultimate issue to be decided by the trier of fact." (Emphasis added.)

The Staff Note to Evid. R. 704 provides, in relevant part, as follows:

"* * * The rule must be read in conjunction with Rule 701 and Rule 702, each of which requires that opinion testimony be helpful to, or assist, the trier of the fact in the determination of a factual issue. Opinion testimony on an ultimate issue is admis-

ing the instructions and of reaching a correct conclusion without the assistance of appellant's expert. Although the ultimate issue of Bostic's relationship to appellant was a difficult one to decide, the jury did not require any technical or specialized testimony by appellant's expert to understand the distinctions between an employee and an independent contractor. We conclude that the trial court did not abuse its discretion in excluding the testimony in question, and consequently we find no merit in appellant's claim of error.

Appellant's final argument is that the trial court erred when it refused to grant appellant's motion for a new trial. After the jury had retired to deliberate, a juror asked the bailiff if the jury could obtain a written copy of the court's instructions. The bailiff informed the jury that its request was denied. This was done without giving notice to the parties. Appellant claims it was prejudiced by this *ex parte* communication between court and jury.

As a general rule, any communication between judge and jury that takes place outside the presence of the defendant or parties to a case is error which may warrant the ordering of a new trial. See *State* v. *Abrams* (1974), 39 Ohio St. 2d 53, 68 O.O. 2d 30, 313 N.E. 2d 823; *Jones* v. *State* (1875), 26 Ohio St. 208; and *Kirk* v. *State* (1846), 14 Ohio 511. See, also, *United States* v. *United States Gypsum Co.* (1978), 438 U.S. 422; *Rogers* v. *United States* (1975), 422 U.S. 35; *Fillippon* v. *Albion Vein Slate Co.* (1919), 250 U.S. 76; *Petrycki* v. *Youngstown & Northern RR. Co.* (C.A. 6, 1976), 531 F. 2d 1363, certiorari denied (1976), 429 U.S. 860; and *United States* v. *Gay* (C.A. 6, 1975), 522 F. 2d 429. Such communications are required to be made in the presence of the defendant or parties so that they may have an opportunity to be heard or to object before the judge's reply is made to the jury. See *Fillippon, supra,* at 81.

In the case *sub judice,* the trial court erred when it did not provide appellant with an opportunity to be heard or to object before it responded to the jury's request. However, the error was harmless and appellant was not prejudiced by the *ex parte* communication.[5] Those cases which have found a defendant or party to have been prejudiced by an *ex parte* communication between judge and jury involved the possibility that the jury's verdict might have been influenced by the judge's response.[6] Here, however, the court

___

sible if it assists the trier of fact, otherwise it is not admissible. * * *"

Evid. R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

See, also, *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77, 40 O.O. 2d 87, 228 N.E. 2d 304, paragraph three of the syllabus; and *Salem* v. *United States Lines Co.* (1962), 370 U.S. 31, 35.

[5] Citing *Chapman* v. *California* (1967), 386 U.S. 18, this court held in *Abrams, supra,* at 56, 68 O.O. 2d at 32, 313 N.E. 2d at 825-826, that an *ex parte* communication between judge and jury that is harmless beyond a reasonable doubt does not constitute reversible error.

[6] *Jones, supra,* involved the giving of an additional instruction to the jury. See, also, *Fillippon, supra,* and *Petrycki, supra.* *Kirk, supra,* involved an explanation of the court's instructions by the judge. *United States Gypsum Co., supra,* involved the advising of the jury by the judge that a verdict one way or the other was required. *Rogers, supra,* involved the advising of the jury by the judge as to the acceptability of a partic-

merely refused the jury's request for written instructions. There is no possibility that the jury's conclusion was influenced by the court's reply in this case, and thus there was no prejudice to appellant.

Accordingly, we hold that where a jury, during its deliberations, requests a written copy of the trial court's instructions, and the court, out of the presence of the parties, communicates with the jury concerning the court's instructions but only refuses to provide a written copy of the instructions, the error committed by the court in communicating *ex parte* with the jury is harmless error in the absence of prejudice to the parties. See *Abrams, supra.*

Having found no merit in appellant's contentions, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment only.

---

ular verdict. *Gay, supra,* involved discussions between judge and jury regarding the excusing of jurors. Unlike the case before us, all of the above-cited cases involved communications between judge and jury which may have influenced the jury's ultimate verdict. *Abrams, supra,* is more on point with the case at bar in that this court found no prejudice there to appellant in the judge's reply to the jury that he would not give any additional instructions, but would only re-read the court's instructions. The jury elected not to have the original charge re-read.