MEMORANDUM DECISION AND JUDGMENT ENTRY
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the original papers from the Butler County Court of Common Pleas, and upon the briefs of counsel, oral argument having been waived. Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App.R. 12(A) as follows:
 Plaintiffs-appellants, Dolores and Chester Reid, appeal from a Butler County Court of Common Pleas decision granting summary judgment in favor of defendants-appellees, David J. Fallang, M.D. and his employer, Middletown Surgical Associates, Inc.
On September 22, 1994, Ms. Reid underwent a laparoscopic cholecystectomy at Middletown Regional Hospital. Dr. Fallang performed the procedure. The hospital discharged Ms. Reid on September 23, 1994.
On September 26, 1994, Ms. Reid was readmitted to the hospital for the repair of a perforated bowel, a known and accepted complication of laparoscopic surgery. Following surgery to correct the perforated bowel, Ms. Reid developed peritonitis, an inflammation of an abdominal tissue. As a result, she became very ill and had difficulty recovering.
On September 18, 1995, the Reids filed a complaint against appellees alleging that Dr. Fallang had engaged in medical malpractice. Appellees filed their answer on October 18, 1995. On April 16, 1996, appellees deposed the Reids' expert witness, James Baden, M.D. Dr. Baden testified that Dr. Fallang was not negligent in causing Ms. Reid's perforated bowel but was negligent in failing to discover and correct the perforated bowel sixteen to eighteen hours earlier.
On May 16, 1996, appellees filed a motion for summary judgment. On July 5, 1996, the trial court granted appellees' motion, finding that the Reids failed to show through Dr. Baden's deposition testimony that Ms. Reid incurred any injury as a result of Dr. Fallang's negligent delay. The Reids now appeal, setting forth a single assignment of error for review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT [sic] BY GRANTING APPELLEES [sic] MOTION FOR SUMMARY JUDGMENT.
Civ.R. 56(C) provides that summary judgment is appropriate only when the following are satisfied: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in a light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
To prove medical malpractice, a plaintiff must present qualified medical opinion concerning the recognized standard of care under the circumstances and how the physician in question negligently departed from that standard in plaintiff's treatment. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131. The plaintiff must also demonstrate that her injury was a direct result of the physician's negligent departure from the standard of care. Id.
In his deposition, Dr. Baden testified that Ms. Reid's perforated bowel caused her to develop peritonitis and become ill, requiring a lengthy hospitalization. Dr. Baden could not testify with reasonable medical certainty that if Dr. Fallang would have corrected the bowel perforation sixteen to eighteen hours earlier that Ms. Reid would not have developed peritonitis or that her hospital stay would have been shorter.
Dr. Baden did testify with certainty, however, that the degree of Ms. Reid's illness was a result of Dr. Fallang's delay in correcting the bowel perforation. Of note, Dr. Baden specifically testified "that the dramatic symptoms and the severity of [Ms. Reid's] postoperative complications" were the direct result of "a delay in surgery." Thus, Dr. Baden's deposition raises a question of fact as to whether Dr. Fallang's delay caused Ms. Reid injury beyond that which was otherwise due to the bowel perforation.
Construing the evidence in a light most favorable to the Reids, we do not find that reasonable minds could only return a verdict in favor of appellees, or that appellees are entitled to judgment as a matter of law. Accordingly, the trial court erred in granting appellees' motion for summary judgment. See Bostic,37 Ohio St.3d at 146. The Reids' sole assignment of error is sustained.
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
To all of which appellees, by their counsel, except.
WALSH, P.J., YOUNG and POWELL, JJ., concur.