OPINION
Defendant-appellant, Curtis C. Howard Equipment ("Howard Equipment"), appeals from a decision finding that plaintiff-appellee, Ernest F. Baker, was an employee of Howard Equipment and entitled to participate in the workers' compensation fund. We affirm.
Howard Equipment is a business located in London, Ohio that buys and sells farm equipment. Curtis Howard, the owner of Howard Equipment, hired Baker in 1990 to drive a truck, load and unload trucks, and perform other miscellaneous duties. On September 26, 1993, Baker was injured while loading a truck owned by Howard Equipment. On August 23, 1995, Baker filed a complaint for workers' compensation in the Madison County Court of Common Pleas. A jury trial was commenced in the Madison County Court of Common Pleas on February 24, 1997. On February 25, 1997, the jury returned a verdict finding that Baker was an employee of Howard Equipment and entitled to participate in the workers' compensation fund. On March 11, 1997, Howard Equipment filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial. On March 6, 1998, the trial court denied both motions.
On appeal, Howard Equipment raises a single assignment of error asserting that the trial court erred by denying the motions for judgment notwithstanding the verdict and for a new trial. Howard Equipment argues that there was insufficient evidence to support the jury's finding that Baker was an employee of Howard Equipment. Howard Equipment argues that instead, the evidence showed that Baker was an independent contractor, and therefore not entitled to participate in the workers' compensation fund.
The standard for a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) is the same standard applicable to a motion for a directed verdict. Texler v. D.O. Summers Cleaners 
Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 679. Thus, a motion for judgment notwithstanding the verdict should only be granted where a trial court, construing the evidence most strongly in favor of the nonmoving party, concludes that reasonable minds could only find in favor of the moving party upon any determinative issue. Id., quoting Civ.R. 50(A)(4). A court must not consider the weight of the evidence or witness credibility. Id., citing Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-285.
The determination of whether a person is an employee or an independent contractor is ordinarily an issue to be decided by the jury. Bostic v. Connor (1988), 37 Ohio St.3d 144, paragraph one of the syllabus. The determination turns upon "who had the right to control the manner or means of doing the work." Id., following Gillum v. Indus. Comm. (1943), 141 Ohio St. 373. "The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." Id. at 146, quoting Gillum at paragraph two of the syllabus. The determination depends upon the facts of each case but factors that a trial court may consider include "who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." Id.
In the present case, a review of Baker's testimony reveals evidence from which reasonable minds could find that Howard Equipment had the right to control the manner and means of Baker's work. According to this testimony, Baker drove to destinations and performed duties as directed by Curtis Howard. Curtis Howard either taught Baker the routes to destinations or mapped the routes for him. Curtis Howard also told Baker when to report for work, and Baker worked until the assigned duties were completed or Howard informed him that he could quit. Further, Howard Equipment owned the trucks that Baker drove and the tools that he used to perform other duties. Howard Equipment provided maintenance for the trucks and paid many expenses including gas, toll fees, tips for men who helped load and unload the trucks, and tickets for safety violations. Baker worked for Howard Equipment from 1990 until he was injured on September 26, 1993 and was paid by the mile when driving the truck and by the hour when performing other duties. Finally, Baker testified that he completed an application for employment when he was hired by Howard Equipment and never agreed or even discussed being an independent contractor with Curtis Howard.
Howard Equipment did present some evidence which indicated that Baker was an independent contractor. However, construing the foregoing evidence most strongly in favor of Baker, we find that reasonable minds could reach different conclusions as to whether Baker was an independent contractor or an employee of Howard Equipment. Therefore, the trial court did not err by denying Howard's motion for judgment notwithstanding the verdict.
With regard to the motion for a new trial, the trial court denied the motion because Howard Equipment failed to offer any basis to support the motion. On appeal, Howard Equipment has also failed to assert a basis for the motion. Thus, we cannot find that the trial court erred by denying the motion for a new trial. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.