OPINION
Plaintiffs-appellants Natalie and Bryan Lippert take this appeal from the judgment of the Court of Common Pleas of Hancock County granting summary judgment to defendants-appellees Glenn L. Peace and Allstate Insurance Company ("Allstate").
On August 26, 1996, Peace's car hit Natalie's car. As a result, Natalie was injured and accrued medical expenses exceeding $76,000. Peace was insured for liability limits of $12,500.00 per person and $25,000 per accident with progressive insurance company. The Lipperts submitted claims exceedes Peace limits to Allstate, their insurance carrier, under their underinsured motorists policy, which provided limits of $50,000 per person and $100,000 per accident. Natalie submitted a claim for her personal injury and Bryan submitted a claim for loss of consortium.
On January 23, 1997, the Lipperts filed a complaint against Peace and Allstate for the expenses arising from the bodily injury of Natalie and the loss of consortium and liability for medical expenses suffered by Bryan. On February 21, 1997, Allstate filed its answer denying all allegations, filing a cross-claim against Peace, and filing a counterclaim for subrogation against the Lipperts. Peace filed his answer with jury demand on March 12, 1997. On August 20, 1997, the Lipperts filed a motion for summary judgment and declaratory relief on the issue of whether the loss of consortium claim should be considered as a separate claim. On September 22, 1997, Allstate filed its response and its own motion for summary judgment. Peace filed his response and motion for summary judgment on September 22, 1997. On October 1, 1997, the Lipperts settled with Peace on the bodily injury claim for $12,500.00, the maximum per person recovery allowed by Progressive. The release discharged all claims against Peace and Progressive except for the loss of consortium claim. On September 25, 1998, the trial court overruled the Lipperts' motion for summary judgment and granted summary judgment to Peace and Allstate. It is from this judgment that the Lipperts appeal.
The Lipperts raise the following assignments of error.
The trial court erred in granting summary judgment to Peace.
 The trial court erred in granting summary judgment toAllstate.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v. FirestoneTire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
The first assignment of error claims that Peace should not have been granted summary judgment. The Lipperts claim that Progressive's payment of policy limits does not preclude suit against Peace for damages exceeding their limits. However, the Lipperts signed a release which states in pertinent part:
 FOR THE SOLE CONSIDERATION OF Twelve Thousand Five Hundred Dollars and 00/100 ($12,500.00) to us in hand paid by Glenn L. Peace and Progressive Insurance Company, the receipt of which is hereby acknowledged, we, Natalie L. Lippert and Bryan D. Lippert, individually and as husband and wife, have released and discharged, and by these presents do for our heirs, executors, administrators, successors and assigns, release and forever discharge the said Glenn L. Peace and Progressive Insurance Company, * * * of and from any and all manner of action and actions, cause and causes of action, suits, damages — direct or consequential, judgments, executions, claims and demands whatsoever, which we ever had, now have or may hereafter have for, upon or by reason of any matter, cause or thing whatsoever from the date of event, which is the subject matter of this Release, to the present, and particularly, but not in any manner limiting the aforegoing on account of any and all injuries to person and/or damages to property arising out of an accident, casualty or event which occurred on or about the 26th day of August, 1996, by reason of a vehicular collision which occurred on State Route 18 in Hancock County, Ohio between a vehicle being operated by Glenn L. Peace and a vehicle being operated by Natalie Lippert.
 IT IS FURTHER UNDERSTOOD AND AGREED that the loss of consortium claim of Bryan D. Lippert for additional amounts under the policy of insurance issued by Progressive Insurance Company to Glenn L. Peace is expressly preserved. Said claim will remain pending in the lawsuit entitled Natalie L. Lippert, et al. v. Glenn L. Peace et al., assigned Case No. 97-49-T in the Court of Common Pleas of Hancock County, Ohio until the issue of whether additional amounts are owed to Bryan D. Lippert is fully adjudicated, up to and including any appeals that may be taken in regard to said issue.
Appellants' Brief, Appendix 2. The release disposed of all claims except for the issue of whether the Progressive policy permitted a separate claim for loss of consortium.
The Progressive policy states as follows:
 The bodily injury limit for "each person" includes the aggregate of claims made for such bodily injury and claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.
Progressive policy, 10. The policy explicitly limits recovery for all claims arising from injury to one person to the "each person" limit, which is $12,500. in this case. Thus, the trial court correctly decided the issue of whether the policy permits a separate claim and both Peace and Progressive are released from further claims. The first assignment of error is overruled.
In the second assignment of error, the Lipperts claim that Allstate should not have been granted summary judgment. The Lipperts claim that they were entitled to a separate claim for loss of consortium under the Allstate policy. The Allstate policy states in pertinent part:
 We will pay those damages which an insured person or an additional insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person or an additional insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of any uninsured auto. We will not pay any punitive or exemplary damages.
* * *
An uninsured auto is:
* * *
 5. an underinsured motor vehicle which has liability protection in effect and applicable at the time of the accident in an amount equal to or greater than the amounts specified for bodily injury liability by the financial responsibility laws of Ohio, but less than the limits of liability . . . of this policy.
* * *
Limits of Liability
 The uninsured motorists limit stated on the policy declarations is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one auto for other coverages afforded by this policy will not increase our limit of liability beyond the amount shown on the policy declarations.
 Regardless of the number of insured autos under this coverage, the specific amount shown on the policy declarations for:
 1. "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.
Allstate policy, 18-21. This limit of liability is permitted by R.C. 3937.18(H). See Karr v. Borchardt (Dec. 24, 1998), Seneca App. No. 13-98-36, unreported. The policy language in this case limits liability to the "each person" maximum for all damages arising out of bodily injury to one person. Since Bryan's loss of consortium claim arises from Natalie's bodily injury, the recovery is limited to the $50,000 per person maximum. The second assignment of error is overruled.
The judgment of the Hancock County Court of Common Pleas is affirmed.
Judgment affirmed.
 SHAW, J. concurs.
HADLEY, J., concurs in judgment only.