JUDGMENT: Judgment reversed and remanded
ATTORNEYS:
 OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
On June 4, 1998, appellant Michael Price was struck by a gray vehicle while walking southbound on Lane street in the City of Bucryus. Price, though injured, was able to ascertain the license plate number of the vehicle that hit him. Price subsequently learned that defendant-appellee Ronald Roberts was the registered owner of the vehicle that hit him. As a result, Price filed a claim for damages arising out of a pedestrian / motor vehicle accident against Roberts in Crawford County Municipal Court.
Pursuant to Civ.R. 56 Roberts filed a motion for summary judgment alleging that Price could not identify the driver of the vehicle that struck him.
The trial court granted the motion on the grounds that construing all matters before the Court most strongly in favor of the Plaintiff, the Court could only conclude that the Plaintiff had no ability to prove the identity of the person driving the vehicle that struck him. On appeal from that judgment Appellant presents the following assignment of error:
 The trial court erred by granting defendant/appellee's motion for summary on the grounds that plaintiff/appellant was unable to create a question [of] fact which would indicate that the defendant was driving the vehicle that struck appellant.
Appellant protests the trial judge's decision to grant summary judgment. When reviewing summary judgment, we review the judgment independently and without any deference to previous determination by the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,536 N.E.2d 411. The standard of review in this court is de novo. AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990) 50 Ohio St.3d 157, 553 N.E.2d 597.
Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorably in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Bostic v. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
Price asserts that there is indeed a genuine issue as to a material fact. The record before us discloses that Michael Price was hit by a gray hatchback vehicle on June 4, 1998. Upon being hit Price observed that said vehicle was driven by an adult male and the license plate number was AVC6145. Price further asserts that said adult male was in fact Ronald Roberts. In his defense, Roberts claims that he was not involved in a collision with Price on June 4, 1998. He admits that he is the owner of a 1987 Honda Accord. Furthermore, he stated that "to his knowledge, my 1987 Honda Accord automobile was in the driveway all day on June 4, 1998 and was not operated by either myself or my son."
The record plainly reveals a genuine issue of material fact. Does Roberts indeed own a vehicle with a license plate number AVC6145? Was the adult male individual driving the car Mr. Roberts or another driving with his permission? Did the vehicle which struck Price indeed have a license plate number AVC6145? Issues of credibility such as these are to be resolved by the trier of fact. Circumstantial evidence as well as first hand testimony may prove disputed facts. A genuine issue of material fact having been shown to exist the judgment of the Municipal Court of Crawford County is reversed and this cause is remanded to the trial court.
Judgment reversed and remanded.
HADLEY and SHAW, JJ., concur.