OPINION
This appeal is taken by Plaintiff/Appellant Sandra R. Wallar et al., from the judgment entered by the Court of Common Pleas of Crawford County denying her motion for summary judgment and finding for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
On May 12, 1997, John Randolph, while operating a semi-tractor in the course and scope of his employment with Durant Enterprises, Inc., negligently caused a motor vehicle collision that resulted in the permanent injury of Sandra R.Wallar, Plaintiff/Appellant. On August 12, 1998, as a result of that collision, Wallar filed a lawsuit in the Crawford County Court of Common Pleas naming John Randolph and Durant Enterprises, Inc. (collectively "Randolph") as Defendants. The Plaintiff/Appellants included the injured Sandra Wallar, her husband, James Wallar, and her natural children Bartley Wayne Scarbro, Justin Tyler Scarbro, and Stacey Ray Scarbro ("the children").
Sandra Wallar alleged damages resulting from the accident in the form of physical injuries, mental and emotional injuries, loss of wages and future earnings and continued medical bills. James Waller alleged damages in the complaint resulting from the loss of consortium of his wife. The children further alleged within the complaint that they had suffered damages as well because they had been deprived of the "society, companionship, and consortium of their mother", Sandra Wallar.
Soon after the lawsuit began James Waller died and Plaintiff/Appellant amended her complaint to include the Estate of James R. Waller. Wallar again amended the complaint to include a count against their uninsured / underinsured motorist ("UM/UIM") insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm") as a Defendant.
Randolph admitted liability in connection with the May 12, 1997 accident and settled with Wallar for $1,000,000. The $1,000,000 settlement proceeds were divided as follows: Sandra Wallar, $970,000.03, Bartley W. Scarbro, $9,999.99, Justin T. Scarbro, $9,999.99, and Stacey R. Scarbro, $9,999.99.
State Farm denied any liability to Wallar claiming in their answer to the amended complaint that "it does not believe that underinsured motorist coverage applies in this case, because, upon information and belief, there is $1 million in liability coverage available pursuant to a policy of insurance covering John C. Randolph and/or Durant Enterprises, Inc."
On September 1, 1999, Wallar moved for summary judgment "on the issue of the amount of underinsured motorist coverage available under the" State Farm insurance policy. On January 13, 2000, the trial court denied Wallar's motion for summary judgment and instead granted summary judgment to State Farm.
The judgment entry read in part:
"* * * the Plaintiff's Motion for Summary Judgment is determined as follows:
 The $1,000,000.00 policy limits paid by the tortfeaser(sic)/liable party shall be offset against the $100,000 policy limits. There is no available underinsured coverage available to the insureds/ Plaintiffs.
 This matter involved one bodily injury and all claims are joined for that purpose into a single insurance claim. If there had not been an off-set, the total claims of the Plaintiffs herein would have been limited to $100,000 minus any amounts paid to them by the tortfeaser(sic)/liable party.
On appeal from judgment Wallar makes the following assignments of error:
 The trial court erred in holding that State Farm Mutual is not obligated to afford underinsured motorist coverage to any of the plaintiffs.
Wallar's sole assignment of error claims that trial court incorrectly interpreted Ohio's Statutory Law and erred in finding that State Farm was not required to afford further coverage above and beyond that provided by the tortfeasor through the insured's underinsured motorist insurance issued by State Farm when said coverage is not in excess of that provided by the tortfeasor and thus should not have denied its motion for summary judgment and further should not have granted as much in favor of State Farm.
It is well-settled that when reviewing summary judgment, we review the judgment independently and without any deference to previous determination by the trial court. Midwest Specialties,Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,536 N.E.2d 411. The standard of review in this court is de novo.AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990) 50 Ohio St.3d 157, 553 N.E.2d 597.
Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorably in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56(C); Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett(1986),477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
As stated above Wallar had underinsured motorist insurance issued by State Farm. The policy states on the Declaration page that the uninsured coverage limits are $100,000 per person/$300,000 per accident. The policy coverage is limited as follows:
 "* * * Limits of Liability Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to bodily injury to one person Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to bodily injury to two or more persons in the same accident.
* * *
Subject to the above, the most we pay for all damages arising out of and due to bodily injury to one person is the lesser of:
 The difference between the "each person" limits of liability of this coverage, and the amount paid for that bodily injury by or for any person or organization who is or may be held legally liable for the bodily injury; or the difference between the amount of damages for such bodily injury and the amount paid for that bodily injury
* * *
Waller argues that each claimant, including the estate of her husband and her children, is entitled to coverage under the State Farm Policy quoted above in the amount of the $100,000 policy limit less the "amount available for payment" to each claimant from the tortfeasor's policy. Specifically she argues that to the extent that each claimant received less than $100,000 from the tortfeasor's liability insurers, each claimant has an underinsured motorist claim under the State Farm policy.
In contrast State Farm argues that the trial judge was indeed correct when it granted summary judgment. Specifically, they argue that as a matter of law, R.C. 3937.18 (A)(2) and 3937.18(H) entitle State Farm to "set off" the amounts paid by the tortfeasor against the underinsured coverage available and thus, since the tortfeasor's coverage was greater than the underinsured coverage provided by State Farm Waller is not entitled to an underinsured motorist claim.
As stated above, our review of summary judgment is de novo, therefore, we will give no deference to the decision of the trial court and shall review the circumstances of the case and the record before us on appeal independently. It must be noted that neither party disputes the genuine character of the insurance contract and the sole question before this court is whether R.C. § 3937.18 (A)(2) and 3937.18(H) allow State Farm to limit its underinsured motorist coverage by using the collective amount paid by Randolph to Wallar to set-off the amount available under the underinsured portion of the policy when there is only a single bodily injury despite the number of claims arising from that injury.
The provisions of the Revised Code at issue read as follows:
§ 3937.18(A)(2)
 Underinsured motorist coverage, which shall be in an amount equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the amounts the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
§ 3937.18(H)
 * * * all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim . .
According to the statutory provision outlined above, all claims arising out of a single bodily injury are considered to be a single claim for insurance purposes. The statute also specifically provides that there is a maximum of one "each person" limit of underinsured motorist coverage available for all claims due to a single bodily injury. The Staff Notes accompanying the above statutory provisions make clear the General Assembly's intent that a single "each person" limit of uninsured or underinsured motorist coverage is to apply where there has been a single bodily injury or death.[1]
This Court has previously reviewed arguments such as the one asserted by Wallar herein about the meaning of the Revised Code Sections outlined above and has summarily rejected the arguments presented. We have found instead that R.C. 3937.18 "permits insurers to consolidate all claims stemming from the injury or death of one person in an automobile accident to a single, per person limit of coverage." Ruda v. Lear (Feb. 10, 2000), Wyandot Cty. App. No. 16-99-06, unreported citing Lippert v. Peace (April 23, 1999), Hancock Cty. App. No. 5-99-01; See also Karr v.Borchardt (Dec. 24, 1998), Seneca Cty App. No. 13-98-36, unreported and Joseph v. CSX Transp. Co. (March 18, 1999), Seneca Cty App. No. 13-98-68, unreported.
The record reveals that the accident caused by Randolph resulted in bodily injury to a single person, Sandra Wallar. Randolph's insurer settled all claims with Wallar for $1 million, the liability limits of the insurance policy. Despite this Wallar amended her complaint to include State Farm as a Defendant so that she and the other claimants might recover from the underinsured motorist portion of her policy. The underinsured motorist coverage limits contained in the policy issued by State Farm were $100,000 for "each person". The language of the policy provides and the revised code allows that the $100,000 underinsured coverage be set off by the collective amount received from the party liable for the bodily injury. Therefore, in this case, the trial court found and we agree that nothing is available for payment under the underinsured motorist provision of the policy because the party liable for the injury, Randolph, paid $1 million in damages for a single bodily injury and all claims arising therefrom thus requiring set off of the entire amount available for payment under the State Farm policy.
As a result, no error having been shown Wallar's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Crawford County is affirmed
 ___________________________ BRYANT, J.
SHAW and WALTERS, JJ., concur.
[1] Section 10 of the Staff Notes to R.C. § 3937.18 reads in part:
 "It is the intent of the General Assembly in enacting division (H) of Section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, that declared unenforceable a policy that provided that all claims for damages resulting from the bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable."
145 Ohio Laws, Part I, 239.