I agree with the majority's conclusion that appellant failed in its duty to provide the court with a transcript of the administrative hearing. The majority goes on to also conclude that since the appellant failed to provide the court with a transcript of the administrative hearing in question, there was an insufficient record for this court to review appellant's assignment of error. However, I believe that there are sufficient findings of fact in the magistrate's decision and facts agreed upon in the parties' briefs for this court to conduct a limited review.
As noted supra, "[a] board's final decision [regarding the allowance or disallowance of employment benefits] may not be reversed as against the manifest weight of the evidence if it is supported by some evidence in the record. * * * The fact that reasonable minds might reach different conclusions is not a basis for reversal of the court's decision." (Internal citations omitted.) Binger v. Whirlpool Corp (1996),110 Ohio App.3d 583, 589.
In addition and as noted in the majority's opinion, the determination of whether an employment relationship rises to that of an independent contractor or employee depends largely upon the right to control. Majority Opinion p. 5. In Bostic v. Connor (1988), 37 Ohio St.3d 144, the Ohio Supreme Court stated:
 "Whether one is an independent contractor or [employee] in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." Id. at 146, quoting Gillum v. Indus. Comm. (1943), 141 Ohio St. 373, paragraph two of the syllabus.
"* * *
 "The determination of who has the right to control must be made by examining the individual facts of each case. The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the types of business; the method of payment; and any pertinent agreements or contracts." Id. at 146.
Applying the law to the limited record before us, the trial court's decision was not against the manifest weight of the evidence as there is some uncontroverted evidence supporting the trial court's determination that Toth qualified as an employee and not an independent contractor.
As noted supra, the issue of right to control is determinative in distinguishing a relationship of employer/employee from that of employer/independent contractor. Several uncontroverted facts support the trial court's conclusion that appellant retained the right to control in its relationship with Toth and, as such, Toth qualified as an employee and not an independent contractor. Appellant's right to control is evident and can best be viewed through the following examples. First, after each trip, Toth was required to return the vehicle to appellant's designated storage location and notify appellant about any problems with the truck. Appellant would then perform the maintenance, as needed, at its own maintenance facility. Appellant possessed the right to control 1) who would service its vehicle, 2) when its vehicle would be serviced, and 3) where its vehicle would be parked and serviced.
Next, there was also uncontroverted evidence before the trial court that Toth, on limited occasions, requested appellant's permission to use its equipment for some other use than hauling. The record further shows that appellant denied these requests. This exercise of appellant's "right to control" also supports the conclusion that Toth was serving as an employee rather than an independent contractor.
It also appears that appellant exercised significant control over Toth's work schedule. In fact, it appears that Toth's primary reason for leaving his employment with appellant stemmed from a change in his work schedule. Toth objected to a change in his driving schedule, could not come to agreement with appellant over the change in his work schedule, and subsequently chose to end his employment relationship with appellant.
The foregoing analysis demonstrates that appellant retained significant control in its employment relationship with Toth, and as such, the trial court's decision adopting the decision of the magistrate finding Toth to be an employee rather than an independent contractor, was supported by some evidence, and was not against the manifest weight of the evidence.
Based upon the foregoing analysis, I concur in the affirming of the judgment of the trial court.