OPINION
{¶ 1} Defendant-appellant, Irvin L. Sales, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of felonious assault in violation of R.C. 2903.11, with a specification, and having a weapon under disability in violation of R.C. 2923.13. Because the trial court improperly communicated with the jury in defendant's absence, we reverse the judgment of the trial court.
{¶ 2} By indictment filed March 17, 2000, defendant was charged with one count of felonious assault with a specification, and one count of having a weapon while under disability. On November 21, 2001, defendant waived his right to a jury trial for the weapon under disability charge, and opted to have the trial court determine it. Pursuant to a jury trial commencing November 20, 2001, the jury found defendant guilty of felonious assault with a specification, and the trial court found defendant guilty of having a weapon while under disability. The trial court sentenced defendant accordingly, and defendant appeals, assigning the following errors:
{¶ 3} "I. The trial court erred in excluding Appellant's witness disclosed the morning of trial, thereby depriving Appellant of his rights as guaranteed by the Fourteenth and Sixth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
{¶ 4} "II. The trial court erred in failing to disclose to trial counsel the jury's written questions during deliberation and erred in the manner and procedure by which it answered such written questions of the jury, thereby depriving Appellant of a fair trial as guaranteed by theFourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
{¶ 5} "III. The trial court erred and thereby deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by finding appellant guilty, as the verdict for the charge of felonious assault was against the manifest weight of the evidence."
{¶ 6} Because defendant's second assignment of error is dispositive, we first address it. In his second assignment of error, defendant contends the trial court erred in failing to disclose to trial counsel the jury's written questions during deliberation, and further erred in the manner the court answered the questions.
{¶ 7} "A criminal defendant has a right to be present at all stages of the proceedings against him, including any communications between the trial judge and the jury. City of Columbus v. Bright (June 21, 1984), Franklin App. No. 83AP-857; Crim.R. 43. Further, it is well-established that `any communication between judge and jury that takes place outside the presence of the defendant * * * is error which may warrant the ordering of a new trial.' Bostic v. Connor (1988),37 Ohio St.3d 144, 149, 524 N.E.2d 881." State v. Shenoda, Franklin App. No. 01AP-1409, 2002-Ohio-4296, at ¶ 17.
{¶ 8} Here, the jury retired to the jury deliberation room at 12:12 p.m. At 12:13 p.m., a luncheon recess was taken until 1:30 p.m. on November 21, 2001. At that time, the jury began to deliberate the case. At 3:10 p.m., the jury sent the court the following questions:
{¶ 9} "1. Do we define when the incident begins and ends, or is the beginning of the incident when the defendant became aware of what was happening?
{¶ 10} "2. Redefine defense of third party. May we have the 3 points in writing?
{¶ 11} "3. Does the defendant need to meet all 3 points?" (Tr. 441.)
{¶ 12} According to the transcript, "[t]he court returned the following answer: `This is a fact question to be determined by you.' " Id. At 4:45 p.m., the trial was adjourned until 9:00 a.m. on Monday, November 26, 2001. After further deliberations, the jury, on November 27, 2001, indicated at 10:50 a.m. they had arrived at a verdict. According to the transcript "[a]t the direction of the court, the jury was returned to the jurybox, and in the presence of all counsel and the defendant, the following proceedings were held in open court[.]" (Tr. 446.) At that point, the jury returned a verdict of guilty on the felonious assault charge, as well as the specification.
{¶ 13} The trial court's procedure in responding to the jury's questions is problematic. Initially, nothing in the transcript indicates the presence of defendant or defendant's counsel while the trial court contemplated its response to the jury's question or at the time the response was presented to the jury. Rather, the trial court appears to have addressed the questions without input from either the prosecution or defense counsel and to have acted in the complete absence of defense counsel or defendant. Relying on State v. Chinn (1999), 85 Ohio St.3d 548, the state nonetheless contends the record must affirmatively indicate the absence of defendant or his counsel during a particular stage of the trial in order to warrant reversal. Unlike the facts reported in Chinn, the transcript here does so.
{¶ 14} More particularly, at the time the jury indicated a verdict had been reached, the record reflects that the jury was brought to the jury box in the presence of all counsel and the defendant. By contrast, when the jury's question was presented to the court and the court responded to it, the record does not reflect the presence of defendant or defendant's counsel. Nor does the record indicate that, after the fact, the trial court put on the record a conversation with the prosecution and defense counsel that occurred prior to the trial court's response to the jury's question but was held off the record at the time. Indeed, this record does not suggest the trial court gave either the prosecution or defense counsel the opportunity to express any thoughts about an answer to the question posed, much less the opportunity to object to the trial court's proposed response. The trial court erred in responding to the question in their absence.
{¶ 15} The state contends that any error is harmless, as the trial court provided no substantive information to the jury. Again, the matter is a bit confused. While the record suggests the trial court responded to all three questions with "this is a fact question to be determined by you," the written question from the jury indicates that an unidentified person wrote that response under the first question; the paper containing the written questions has no specific response to the last two questions.
{¶ 16} The trial court has the discretion to determine what supplementary instructions should be given to the jury. State v. Carter (1995), 72 Ohio St.3d 545. If, however, the jury's inquiry suggests confusion regarding a legal issue of some significance, the trial court should not rely on general statements from the prior charge, but should clarify the point of concern. See United States v. Nunez (C.A.6, 1989),889 F.2d 1564, 1568.
{¶ 17} In the event the trial court's response to all three questions is as indicated in the record, the answer is incorrect. While the first question raises a question of fact for the jury to determine, the second and third questions do not raise issues of fact, but questions of law on which the jury sought guidance from the trial court. To suggest to the jury that the second and third questions are questions of fact for the jury to decide is misleading, as well as erroneous. On the other hand, if the response noted in the trial transcript was directed only to the first question, the trial court left the remaining questions unanswered. At the very least, the trial court should have instructed the jury that it had no response to the second and third questions, if in fact that was the case. Cf. Hann v. Perkins Twp. (Nov. 2, 2001), Erie App. No. E-00-041 (determining the trial court's incomplete answer was reversible error). More appropriately, the trial court should have cleared up the confusion reflected in the jury's second and third questions.
{¶ 18} We recognize the record lacks an objection to the incomplete, and possibly misleading or erroneous answer the trial court returned to the jury. The record's failure to reflect an objection, however, is linked to the trial court's addressing the jury's questions in the absence of counsel. Accordingly, even in the absence of an objection, the trial court's responses cannot be deemed harmless.
{¶ 19} In the final analysis, this record suggests the procedure employed in the trial court was deficient. Even if any one aspect of the procedure is insufficient to warrant reversal, the combination of them requires reversal. Accordingly, defendant's second assignment of error is sustained, rendering his first and third assignments of error moot.
{¶ 20} Having sustained defendant's second assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BROWN and PETREE, JJ., concur.