{¶ 23} I dissent with the majority opinion because it alters the standard for summary judgment solely because this is a petition for post-conviction relief. This court has previously addressed the appropriate standard of review for a summary judgment motion in a petition for post-conviction relief in State v. Jones (Apr. 23, 1999), Auglaize App. No. 2-98-37, unreported. In that opinion we held as follows.
Though post-conviction relief is a statutory proceeding, the procedureto be followed when considering a motion for summary judgment filed insuch a proceeding is governed by Civ.R. 56. [State v. Milanovich (1975),42 Ohio St.2d 46, 325 N.E.2d 540]. Pursuant to Ohio Civ.R. 56(C), summaryjudgment shall not be granted unless a moving party establishes: 1) thatthere is no genuine issue as to any material fact; 2) the moving party isentitled to judgment as a matter of law; 3) that reasonable minds cancome to but one conclusion and, viewing the evidence most strongly infavor of the nonmoving party, that conclusion is adverse to the nonmovingparty. Bostic v. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
Id. Where a trial court has already determined that the petition states grounds upon which substantive relief may be granted and grants the hearing, the State can move for summary judgment. However, there is no basis for reducing the burden of the State to have summary judgment granted.
 {¶ 24} In this case, Saxton claims that his counsel was ineffective for hiring an unqualified expert. The U.S. Supreme Court has recently ruled that the failure to properly investigate the qualifications of an expert is a failure to properly investigate the case and is a proper basis for an ineffective assistance of counsel claim. Wiggins v. Smith
(2003), 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471. Saxton presented some evidence that the expert hired was not fully qualified. Saxton claims that a properly qualified expert could have made a stronger case to the jury concerning the contamination of the evidence and proffers testimony of another expert. The State, and the majority, argue that since the evidence was presented to the jury, the question of the qualifications of the expert is moot. However, if the expert was not qualified, then his opinions may not have carried the credibility of an expert that was qualified. This lack of credibility could have affected the jury's perception of the evidence. Since this issue concerns questions of fact, i.e. did the expert have the appropriate qualifications and would the attorney have learned this fact with reasonable investigation, I would deny the motion for summary judgment and hold the hearing originally granted.
 {¶ 25} In addition, I note that the statute requires all motions for summary judgment be filed within 20 days of the formation of the issues. R.C. 2953.21. The State did not timely file the motion for summary judgment, but did so at least 18 months late and on the eve of a hearing long set. For these reasons, I respectfully dissent.