{¶ 1} Defendant Frank Arstone appeals from his conviction for driving while intoxicated. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On April 20, 2006, the City of Middleburg Heights issued defendant citations for operating a motor vehicle while under the influence of alcohol, failure to stay within his lane of travel, operating a vehicle while under the influence of alcohol with a prior conviction within 20 years and a refusal to take a breathalyzer test, and failure to use a safety belt. He pled not guilty and the matter proceeded to a jury trial on January 10, 2007.
 {¶ 3} The city's evidence indicated that another motorist observed defendant weaving and driving under the speed limit on Interstate 71. The motorist contacted police and followed defendant as he exited the Interstate. Officer Joe Duff observed defendant's vehicle on Bagley Road and continued to follow it. Defendant's vehicle weaved left of center several times and the officer stopped the car. Officer Duff asked defendant why he could not maintain his lane of travel and defendant indicated that he may have been tired. According to Officer Duff, defendant stated that he was en route to Brecksville and incorrectly believed that he was on York Road.
 {¶ 4} Officer Duff testified that he detected the odor of alcohol and ordered defendant to perform field sobriety tests. Officer Duff administered the horizontal *Page 5 
gaze nystagmus ("HGN") test which consists of three tests for each eye. According to Officer Duff, defendant exhibited "clues" indicative of intoxication under all of the components of the test. He then had defendant perform the "one-legged stand" and the "walk and turn" tests and determined that defendant could not perform the tests.
 {¶ 5} Officer Duff placed defendant under arrest and requested that defendant complete a breathalyzer examination. Defendant refused to do so, however.
 {¶ 6} On cross-examination, Officer Duff conceded that defendant did not possess other indicators of intoxication including a flushed face, and disheveled clothing. He also conceded that performance on the walk and turn test is subjective.
 {¶ 7} As to performance on the HGN test, Officer Duff indicated that he did not know if the test results were effected by bilateral amblyopia, or other eye dysfunction, caffeine, nicotine aspirin, or antidepressants. He noted that if the nystagmus begins at a forty degree or forty-five degree angle this is a clue for intoxication but he admitted that he estimates the angle of onset. Defense counsel suggested that the test was designed in light of the results of an "average person" and also stated that the officer "didn't do the test right." In addition, the following questioning occurred:
 {¶ 8} "Q: [By Mr. Levin] * * * [W]hat if you had given Frank the breathalyzer and he took it and he had blown below the legal limit. What would that have done to *Page 6 
your tests, the field sobriety tests?
 {¶ 9} "A: We'll never know because he didn't take the test.
 {¶ 10} "Q: But you've had that happen before, haven't you?
 {¶ 11} "A: I've had it happen but in the past [inaudible] it's been either drugs [inaudible] or a person or it wouldn't just be alcohol.
 {¶ 12} "Q: But you've had it happen?
 {¶ 13} "A. I've had it happen. Yes.
 {¶ 14} "Q: So that would mean all your tests mean nothing with regard to alcohol?
 {¶ 15} "A: The test would also indicate whether or not a person is impaired by drugs as well.
 {¶ 16} "* * *
 {¶ 17} "Q: If you know the medications affect the test how could you do the test without knowing if there's medications?
 {¶ 18} "A: Because I knew there would be an opportunity for him to answer that question at a later time and he refused to answer.
 {¶ 19} "Q: So your test is totally invalid?
 {¶ 20} "A: In your opinion maybe, not mine."
 {¶ 21} Thereafter, on redirect, the prosecuting attorney questioned Officer Duff as follows:
 {¶ 22} "Q: * * * It's a four-page document I'm handing you now. Do you know *Page 7 
what it is?
 {¶ 23} "A: It appears to be the test results that I had given to subjects that I arrested for DUI, OBI.
 {¶ 24} "Q: Over what period of time?
 {¶ 25} "A: From January 15th, 1999 to June 25th, 2006.
 {¶ 26} "* * *
 {¶ 27} "Q: And so from January 1st — And this is a complete list of the times you gave the [HGN] and gave a breathalyzer test, is it not, during that period of time?
 {¶ 28} "A: Yes.
 {¶ 29} "Q: * * * [Y]ou gave the test 189 times. And during that period was there ever one test where you got six clues and you didn't get a .08 or greater?
 {¶ 30} "MR. LEVIN: Objection.
 {¶ 31} "THE COURT: Overruled.
 {¶ 32} "A. Three times."
 {¶ 33} Proceeding to the defendant's case, defendant testified that he had been at Gillian's Pool Room in the Flats where he ate and had one glass of wine. He intended to go home via Interstate 77 but heard that there was an accident, so he went home via Interstate 71. He was unfamiliar with the area.
 {¶ 34} He further testified that he takes approximately ten medications for heart ailments and other problems including vertigo. He refused the breathalyzer test because he feared that it was inaccurate. *Page 8 
 {¶ 35} The safety belt violation was dismissed and the remaining charges were submitted to the jury. Defendant was convicted of all of the remaining offenses. He now appeals and assigns six errors for our review.
 {¶ 36} Within his first four assignments of error, defendant asserts that the trial court committed prejudicial error in permitting Officer Duff to testify regarding breath test results for other individuals. He complains that it was an improper attempt to demonstrate that defendant was driving with a prohibited blood alcohol concentration. Officer Duff was not properly qualified to present this evidence and did not show that they were properly conducted, the evidence was irrelevant, and the evidence was an improper attempt to bolster Officer Duff's testimony.
 {¶ 37} The Ohio Supreme Court has held that "while testimony on an ultimate issue to be decided by the trier of fact is not per se inadmissible in Ohio, it is within the sound discretion of the trial court to refuse to admit the testimony of an expert witness on an ultimate issue where such testimony is not essential to the jury's understanding of the issue and the jury is capable of coming to a correct conclusion without it." Bostic v. Connor (1988),37 Ohio St.3d 144, 524 N.E.2d 881, paragraph three of the syllabus.
 {¶ 38} It is also well-established that a police officer may provide lay testimony under Evid.R. 701 as to his or her opinion concerning a defendant's state of intoxication. Randle v. Gordon (Oct. 29, 1987), Cuyahoga App. No. 52961. However, it is axiomatic that evidence which has little relevance to the matter at hand or the *Page 9 
probative value of the evidence is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 {¶ 39} Evid.R. 402; Evid.R. 403.
 {¶ 40} In this matter, the prosecuting attorney presented evidence that the police officer gave the test 189 times and in all but 3 cases the officer noted six clues and the suspected drunk had breathalyzer test results of .08 or greater. The evidence was not subject to cross-examination as names, details of test administration, machine calibration and case outcome were never provided. On its face, it had little relevance to this matter. Moreover, the evidence was presented as unassailable and improperly created the impression that if the officer administered the test and detected six clues, then the defendant is most likely guilty. We therefore conclude that the trial court abused its discretion in permitting introduction of this evidence as it unfairly prejudiced the jury's ability to fairly consider the evidence in this matter.
 {¶ 41} Accordingly, the first, second, third and fourth assignments of error are well-taken.
 {¶ 42} The remaining assignments of error are moot. App.R. 12(A).
 {¶ 43} Judgment reversed and remanded.
 {¶ 44} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his *Page 10 
costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, JUDGE
 MELODY J. STEWART, P.J., and MARY J. BOYLE, J., CONCUR *Page 1