DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which granted summary judgment in favor of plaintiff-appellee, Jeannette Bee, and thereby determined that she was entitled to participate in the workers' compensation fund. Defendant-appellant, Professional Courier International, Inc. ("Professional Courier"), now raises the following assignments of error from that judgment:
"ASSIGNMENT OF ERROR NO. 1:
 The trial court erred in granting plaintiff, Jeanette [sic] Bee's Motion for Summary Judgment as a genuine issue of material fact exists to show that plaintiff was an independent contractor, rather than an employee.
"ASSIGNMENT OF ERROR NO. 2:
 The trial court erred in not submitting the issue of whether plaintiff was an employee or an independent contractor to the jury."
Appellant operates a delivery service which hires individuals who use their own automobiles to complete deliveries. Appellant hires these drivers through a document entitled "INDEPENDENT OWNER CONTRACTOR EQUIPMENT LEASE AGREEMENT" ("equipment lease agreement"). Under the terms of that agreement, drivers are obligated to pay for their own workers' compensation coverage. On October 18, 1996, Jeannette Bee was hired as a driver for appellant and signed an equipment lease agreement. On December 10, 1997, Bee sustained injuries in an automobile accident that occurred while Bee was performing her job as a courier for Professional Courier. Thereafter, Bee filed a claim for workers' compensation benefits pursuant to R.C. Chapter 4123. Ultimately, the Industrial Commission of Ohio allowed her claim. Professional Courier then appealed that order to the lower court pursuant to R.C. 4123.512.
In the lower court, Bee filed a motion for summary judgment in which she asserted that the undisputed facts established that at the time of the accident she was an employee of Professional Courier rather than an independent contractor. Bee supported her motion with the deposition testimony of herself and Millie Dougherty, her supervisor at Professional Courier. She also filed her own affidavit in support. Appellant opposed the motion, arguing that genuine issues of material fact remained regarding whether Bee was an employee or independent contractor at the time of the accident. On September 10, 1999, the trial court issued a decision and judgment entry granting Bee's motion for summary judgment. It is from that judgment that Professional Courier now appeals.
In reviewing the ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The sole issue in this case is whether a genuine issue of material fact remains regarding Bee's employment status. Was she an employee of appellant at the time of her accident or was she an independent contractor? As an employee, she would be entitled to participate in the state insurance fund; however, "an independent contractor is not an employee for purposes of workers' compensation law." Bostic v. Connor (1988), 37 Ohio St.3d 144,145. Whether someone is an employee or an independent contractor is ordinarily an issue of fact. Id. at paragraph one of the syllabus. "The key factual determination is who had the right to control the manner or means of doing the work." Id. InBostic, the Supreme Court of Ohio stated that in determining who has the right to control the manner or means of doing the work:
 "[t]he factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled [sic]; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." Id. at 146.
All indicia of an employment relationship in a given case must be assessed together as a whole. Harmon v. Schnurmacher (1992),84 Ohio App.3d 207, 211, citing Gillum v. Indus. Comm. (1943),141 Ohio St. 373. As such, an agreement between the parties is only one factor to consider in evaluating a case such as this. Jonesv. Trademark Companies, Inc. (Sept. 1, 1999), Allen App. No. 1-99-46, unreported.
Upon a review of the record we conclude that a genuine issue of material fact remains regarding whether Bee was an employee of appellant or an independent contractor at the time of her accident. The equipment lease agreement identifies Bee as an independent owner contractor and provides that she agrees to provide drivers and helpers. It further provides that appellant has no right to exercise control over the choice of drivers and/or helpers. However, the deposition testimony of Bee and Dougherty reveals that appellant forbade Bee from assigning her routes to anyone, controlled the time she began and finished her delivery routes, and controlled the order in which she made her deliveries. Bee was required to wear a uniform and badge as directed by appellant. Bee testified that she was required to follow a certain route in making her deliveries. In contrast, Dougherty testified that the drivers could take any route they wanted as long as they made the deliveries in the allotted time. With regard to Bee's compensation, appellant paid Bee $8 per hour, did not deduct any amounts from Bee's paycheck for taxes and provided Bee with a 1099 tax form for reporting purposes. However, appellant also determined the amount of time each delivery route should take and paid Bee based on that time rather than on the time that Bee actually took to complete her deliveries.
Construing the evidence most strongly in favor of appellant, we cannot conclude that Bee was an employee of appellant as a matter of law. Accordingly, the trial court erred in granting Bee summary judgment and the two assignments of error are well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellee.
 ___________________ James R. Sherck, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.