JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Richard Carr and Gary Love appeal from the judgment of the trial court following a jury verdict in favor of the defendant-appellee Preferred, Inc. arising out of plaintiffs' intentional tort claim against their employer Preferred. Plaintiffs claim that the trial court erred in its instructions to the jury and seek a new trial. We find no error and affirm.
On July 28, 1994, plaintiffs were involved in a single-vehicle truck accident while employed by Preferred. Plaintiff Carr was driving Preferred's thirty-five foot flat-bed truck when he claimed the brakes failed, forcing him to drive into a curb to stop the truck. Plaintiff Love was a passenger in the cab of the truck at the time. Both men claimed injuries as a result of the alleged intentional tort of Preferred in requiring them to operate the truck with faulty brakes.
Plaintiffs assert that Preferred knew the brakes on the truck were unsafe, yet ordered plaintiffs to drive it to Canton anyway. Defendant, on the other hand, asserts that it had no knowledge of any problem with the brakes, that the brakes were found to work normally after the accident and that plaintiffs had plenty of opportunity to stop driving prior to the accident if the brakes were a problem.
On the day of the accident, plaintiffs were assigned by their employer, Preferred, to transport equipment via truck from Cleveland to Canton. Upon initially operating the truck in Preferred's shop yard, Carr noticed that the brake petal was extremely soft. He then examined the truck and found that the brake fluid reservoir of the truck was bone dry. He informed the foreman, Michael Myers, of this condition and requested and received some brake fluid. The reservoir was filled and Carr observed that the brakes began operating normally.
Carr then requested permission to take the truck to a gas station to get gas and have the brakes examined before going to Canton. Carr claims that Myers denied his request and instructed Carr to have the truck filled with gas at another station near Southgate Shopping Center where they were to make a stop to pick up equipment on the way to Canton.
Plaintiffs drove to Southgate, picked up the equipment and then stopped at the gas station and fueled the truck. During this time, the brakes functioned normally. Upon leaving the gas station, Carr drove the truck down Warrensville Center Road, heading towards the entrance ramp of I-480.
As the truck approached a yellow traffic light near the entrance ramp, Carr applied the brakes to stop the truck, but the brakes went all the way down and he was unable to stop the truck. Carr was forced to drive the truck onto the entrance ramp and onto I-480. At that point, Carr decided to drive the truck westbound on I-480 to the next exit (Lee Road) and to take the truck back to Preferred's shop yard. While on I-480, Carr noticed that the brakes were catching.
Carr drove the truck to the Lee Road exit ramp which had a steep downgrade. As the truck entered the ramp, Carr tested the brakes but they again went all the way down to the floor and he was unable to stop the truck, which was gaining momentum. Carr observed traffic stopped at the light at the bottom of the ramp so he steered the truck onto a grassy area along side of the ramp in an effort to slow the truck. After this failed, Carr decided in order to keep from hitting the cars waiting at the upcoming intersection, to steer the truck down a drainage ditch and through a chain link fence. The truck continued into the intersection until Carr turned it into the curb where it finally came to rest. As a result of the accident, the windshield on the passenger side of the truck was cracked and the fiberglass fenders were cracked.
Mark Roth, a certified mechanic, examined the truck at the scene shortly after the accident. He visually inspected the brakes and found them to be working properly. He then drove the truck for approximately one-half to three-quarters of a mile to his repair shop, during which the truck's brakes operated normally. At the shop, Roth performed a complete inspection of the truck's braking system which revealed no defects, only normal wear and tear. According to Roth, the truck had ample braking capacity at the time of the accident.
Shortly after the accident, Thomas Michael Miller, Vice President of Preferred, recorded a videotape of the route taken by Carr prior to the accident in order to refamiliarize himself with the area and to look for available places along the route where the truck could have been safely stopped or pulled off the road. This video was played before the jury.
At the close of the evidence, the trial court charged the jury. Immediately thereafter, the trial judge called the attorneys for both parties to sidebar to see if there were any additions or corrections needed to the instructions. Plaintiffs' counsel requested that the instruction for foreseeability in Ohio Jury Instructions 7.13 be given. However, the court denied this request finding that the instruction went to a negligence issue, not employer intentional tort. Plaintiffs' counsel also requested an instruction on punitive damages. But the court, in its discretion, concluded that the facts of this case did not support a charge of punitive damages and denied the request.
We will address plaintiffs' assignments of error in the order presented.
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY ON REMOTE CAUSE.
In their first assignment of error, plaintiffs assert that the trial court committed plain error when it instructed the jury on remote cause because such an instruction was not applicable to the facts of this case. However, the record reflects that plaintiffs never objected to the instruction on remote cause. Even after the trial court invited both parties to sidebar to see if there were any additions or corrections needed to the instructions, plaintiffs still failed to raise any issue regarding the remote cause instruction.
When a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,121; Cleveland Elec. Illum. Co. v. Astorhurst Land Co (1985), 18 Ohio St.3d 268, 273; Schade v. Carnagie Body Co. (1982),70 Ohio St.2d 207. Indeed, Civ.R. 51(A) could not be more explicit:
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
Plaintiffs rely on the doctrine of plain error to excuse the failure to object to the remote cause instruction. However, [i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Goldfuss, supra, at syllabus.
Here, we do not find the circumstances in this case to be exceptional to warrant the application of the plain error doctrine in favor of a party who has waived objection to the instruction.
Ordinarily, requested jury instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach a different conclusion sought by the specific instruction. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Moreover, where there is sufficient evidence relating to an essential issue to permit reasonable minds to reach different conclusions on that issue, it is the duty of the trial court to submit that issue to the jury. Bostic v. Connor (1988), 37 Ohio St.3d 144, 147. Plaintiffs' employer intentional tort claims against Preferred are based upon their assertions that defendant's acts or omissions were the proximate cause of plaintiffs' injury.
In order to prove their employer intentional tort claims, plaintiffs must establish that Preferred's acts or omissions were the proximate cause of their injuries. Preferred is not responsible for plaintiffs' injuries if its alleged misconduct was only a remote cause and not the proximate cause of the injuries.
We find at the least that there was sufficient evidence in the record to permit reasonable minds to conclude that a cause other than the brakes may have been the proximate cause of the accident. Roth, a certified mechanic, testified at trial that immediately after the accident, he drove the truck for approximately one-half to three-quarters of a mile from the scene of the accident to his repair shop during which the truck's brakes operated normally. He then performed a complete inspection of the braking system which revealed no defects, only normal wear and tear. Roth further testified that the truck had ample braking capacity on the day of the accident.
Plaintiff Carr asserts that the truck's brakes failed both at the yellow traffic light near the I-480 entrance ramp and at the Lee Road exit ramp where the accident occurred. However, there is also evidence that after the truck failed to stop at the traffic light, Carr decided to continue to operate the truck onto the highway. He accelerated while on the highway and then entered the steeply downgraded exit ramp with full knowledge that the brakes had failed just minutes before. In addition, the video taken by Mr. Miller which was played for the jury revealed several available areas after the first alleged brake failure where Carr could have safely stopped the truck or pulled it off of the road. Thus, we find that this evidence was sufficient for reasonable minds to differ as to whether the truck's brakes or plaintiff Carr's own actions was the proximate cause of the accident. Therefore, the trial court did not commit plain error in instructing the jury on remote cause.
Assignment of Error I is overruled.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO INSTRUCT THE JURY ON FORESEEABILITY.
In their second assignment of error, plaintiffs assert that the trial court committed reversible error when it denied their request to give the jury the foreseeability instruction set forth in O.J.I. 7.13. Plaintiffs claim that once the trial court instructed the jury on remote cause, it was incumbent upon the trial court to instruct the jury on foreseeability.
Plaintiffs' requested instruction in O.J.I. 7.13 states:
7.13 Foreseeability
 1. GENERAL. In deciding whether ordinary care was used, you will consider whether the defendant (either party) ought to have foreseen under the circumstances that the natural and probable result of an act or failure to act would cause some (injury) (damage).
 2. TEST. The test for foreseeability is not whether he (they) should have foreseen the (injury)(damage)(precisely)(exactly) as it happened to the specific (person)(property).
The test is whether under all the circumstances a reasonably (cautious) (careful) (prudent) person would have anticipated the (injury) (damage) was likely to result to (someone) (something) from the act or failure to act.
First, we note that the giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion. Prejean v. Euclid Bd. of Educ. (1997), 119 Ohio App.3d 793,804-805, citing State v. Wolons (1989), 44 Ohio St.3d 64. The term abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In considering the appropriateness of an instruction, a reviewing court must view the instructions as a whole. Atkinson v. Internatl. Technegroup, Inc. (1995), 106 Ohio App.3d 349, 365. However, the record reflects that plaintiffs failed to provide that portion of the transcript which included the jury instructions. The only portions of the transcript provided by plaintiffs were of part of the testimony and of the discussion between the judge and the parties after the instructions were given. These portions of the transcript do not provide this Court with a means of determining whether or not the trial court adequately conveyed the law to be applied in the case as a whole. We have no way of knowing what instruction was given by the trial court regarding remote cause. Without the opportunity to examine the instructions actually given by the trial court, we have no choice but to presume regularity in the proceedings below.
We also find that, even if the plaintiffs had provided this Court with an adequate record, we agree with Preferred that the requested instruction had no place in this employer intentional tort action. The instruction at issue is contained in the negligence section (Chapter 7: Negligence) of the Ohio Jury Instructions. But, plaintiffs have no claim against Preferred sounding in negligence.
Plaintiffs assert that the applicable standard in this case is whether under all the circumstances a reasonably, cautious, careful and prudent person would have anticipated that injury was substantially likely to result to Plaintiffs from the act or failure to act. Contrary to plaintiffs' assertion, the well established standard in an employer intentional tort action requires the employee to prove (1) knowledge by the employer of the existence of a dangerous condition, (2) knowledge by the employer that if the employee is subjected by his employment to the dangerous process, procedure, or condition, then harm to the employee will be a substantial certainty, and (3) the employer, under such circumstances and with such knowledge, acted to require the employee to continue to perform the dangerous task. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 488, citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph five of the syllabus. Thus, the applicable standard in this case is not whether the injuries were foreseeable, rather, it is whether the employer had actual knowledge of the danger and that the injuries were substantially certain to occur.
It is clear that the instruction on foreseeability would have been misplaced in this employer intentional tort case. Therefore, we find that the trial court did not abuse its discretion in denying plaintiffs' request to include it.
Assignment of Error II is overruled.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
JAMES M. PORTER, JUDGE