GRIZZLE et al., Exr., Appellees,

v.

U.S. BANK, Appellant.

[Cite as *Grizzle v. U.S. Bank*, 176 Ohio App.3d 582, 2008-Ohio-3185.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 07CA29.

Decided June 25, 2008.

Anderson and Anderson Co., L.P.A., and W. Mack Anderson, for appellees.

Bannon, Howland and Dever Co., L.P.A., and Steven M. Willard, for appellant.

McFARLAND, Judge.

{¶ 1} Defendant-appellant, U.S. Bank, appeals the decision of the Lawrence County Court of Common Pleas. As its sole assignment of error, appellant contends that the trial court erred in granting plaintiffs-appellees' motion for summary judgment. Because appellees failed to establish that there are no genuine issues of material fact concerning an essential element of the opponent's

case, we agree. Accordingly, we sustain appellant's assignment of error and reverse the decision of the trial court.

## I. Facts

{¶ 2} Wanda Edmiston died in September 2004. In accordance with her will, Edmiston's daughter, Connie Sesher, was appointed executor of her estate. Sesher already held authority over Edmiston's financial affairs prior to being appointed executor; in November 2003, Edmiston had executed a general durable power of attorney appointing Sesher as her attorney-in-fact. This power of attorney had been placed on record with appellant.

{¶ 3} At the time of her death, Edmiston held a checking account with appellant with a balance of $41,676.68. Within approximately one year, and while executor of Edmiston's estate, Sesher completely drained the account via a number of checks and ATM withdraws. In August 2006, Sesher was removed as executor.

{¶ 4} In December 2006, appellees, the new coexecutors of the estate, filed a complaint against appellant, alleging that it had improperly permitted Sesher to withdraw the funds from the checking account. In June 2007, after some initial discovery, appellees filed a motion for summary judgment. After conducting a hearing on the matter, the magistrate recommended judgment in favor of appellees. Appellant then filed objections to the magistrate's report. Following a hearing on the objections to the motion, the trial court overruled appellant's objections, confirmed the award of summary judgment, and subsequently ordered appellant to repay the $41,676.68 withdrawn by Sesher. On September 19, 2007, appellant timely filed the current appeal.

## II. Assignment of Error

{¶ 5} "The trial court erred in granting summary judgment in favor of plaintiffs-appellees. There exist genuine issue of material fact."

## III. Standard of Review

{¶ 6} When reviewing a trial court's decision regarding a motion for summary judgment, appellate courts must conduct a de novo review. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, an appellate court reviews the trial court's decision independently and without deference to the trial court's determination. *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 7} A trial court may grant a motion for summary judgment only when (1) the moving party demonstrates that there is no genuine issue of material fact, (2)

reasonable minds can come to only one conclusion, after the evidence is construed most strongly in the nonmoving party's favor, and that conclusion is adverse to the opposing party, and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56; see also *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 8} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) * * *." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. These materials include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Id. at 293, 662 N.E.2d 264, quoting Civ.R. 56(C). If the party moving for summary judgment fails to satisfy this initial burden, the motion must be denied. Id. at 294, 662 N.E.2d 264.

## IV. Legal Analysis

{¶ 9} In its sole assignment of error, appellant contends that the trial court erred in granting summary judgment to appellees. Appellant argues that a number of genuine issues of material fact preclude an award of summary judgment, including whether or not Sesher had authority to withdraw funds from the checking account.

{¶ 10} To determine whether a genuine issue exists as to Sesher's authority to withdraw funds, it is necessary to examine her role in Edmiston's financial affairs. It is undisputed that Sesher was executor of Edmiston's estate from October 2004 until August 2006, at which time she was removed from the position and replaced by appellees. It was during this time that Sesher withdrew the vast majority of the funds from the checking account held with appellant. It is also undisputed that prior to Edmiston's death, Sesher held general durable power of attorney over Edmiston's affairs. Further, this power of attorney was on record with appellant. Julie Slezak, District Operations Manager for appellant, stated that appellant was not notified of Edmiston's death until October 2006. Similarly, Slezak stated that appellant was unaware of any allegations of unauthorized signatures regarding the checking account until October 2006.

{¶ 11} Appellees' motion for summary judgment states the following as to Sesher's authority to withdraw the funds: "The [appellant] in the within case has not produced any evidence showing that Connie Sesher nor anyone else was authorized to withdraw monies from account number 428469 in the name of Wanda June Edmiston after Wanda June Edmiston's death on September 26,

2004. Therefore, [appellees] are entitled to judgment as a matter of law * * *." The error in this statement is that for purposes of summary judgment, the burden to establish Sesher's authority or lack thereof does not fall on appellant. Appellees argue that appellant failed to produce evidence that Sesher had authority to withdraw funds from the account. However, it is appellees, not appellant, who bear the initial burden of demonstrating that there are no genuine issues of material fact concerning Sesher's authority to do so.

{¶ 12} "The moving party cannot discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case." *Aldridge v. Reckart Equip. Co.,* 4th Dist. No. 04CA17, 2006-Ohio-4964, 2006 WL 2716696, at ¶ 17. Instead, the moving party must refer to specific evidence that demonstrates that the nonmoving party has no evidence to support its claims. Id. Here, appellees make the conclusory statement that appellant has no evidence that Sesher possessed authority to withdraw the funds. However, before the evidentiary burden can be shifted to appellant on this issue, appellees need to demonstrate that Sesher was acting individually, that is to say, not as executor or under other authority. The record reveals that they failed to do so.

{¶ 13} As previously stated, Sesher was executor of Edmiston's estate during the period in question. Further, prior to Edmiston's death, Sesher was her attorney-in-fact, and this power of attorney had been placed on record with appellant. There was also evidence that appellant was not notified of Edmiston's death until 2006 and, thus, it may have remained unaware that Sesher's power of attorney had lapsed until after the funds had been withdrawn. Thus, a question is raised as to whether Sesher had apparent authority to withdraw the funds.

{¶ 14} For a principal to be bound by acts of an agent under apparent authority, the evidence must show "(1) [t]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." *Master Consol. Corp. v. BancOhio Natl. Bank,* 61 Ohio St.3d 570, 576, 575 N.E.2d 817. Here, appellant presented evidence that Sesher held Edmiston's power of attorney. It also presented evidence that it had no knowledge of Edmiston's death at the time the funds were withdrawn. Thus, appellant may have had a good-faith reason to believe that Sesher had the necessary authority to withdraw the money. Accordingly, there is a genuine issue of material fact concerning whether the bank properly allowed the withdrawals under general agency principles of apparent authority.

{¶ 15} If there is evidence that Sesher was acting only in an individual capacity and without other authority, appellees did not place this evidence in the record. Appellees argue that because appellant allowed Sesher to withdraw the funds even though the account was not held jointly in Sesher and Edmiston's names, the withdrawals were unauthorized and improper. This argument overlooks Sesher's status as executor and her former position as Edmiston's attorney-in-fact.

{¶ 16} The fact remains that because appellees provide no evidence that Sesher was acting only as an individual and under no other authority, they fail to establish their initial evidentiary burden; they fail to demonstrate that there is no genuine issue of material fact as to Sesher's authority over the funds in question. Accordingly, summary judgment is inappropriate, and appellant's assignment of error is sustained.

## V.  Conclusion

{¶ 17} In our view, appellant's assignment of error is well taken. After construing the evidence most strongly in appellant's favor, we find that a genuine issue of material fact, namely the authority under which Sesher removed the funds, remains to be litigated. Thus, appellees are not entitled to judgment as a matter of law, and summary judgment is precluded. Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

ABELE, P.J., concurs in judgment only.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

{¶ 18} I concur in the reversal on the basis that a genuine issue of fact exists concerning whether the bank allowed the withdrawals under general agency principles of apparent authority. See R.C. 1301.01(QQ) for the definition of an "Unauthorized" signature. Here, the bank claims that it had no notice of the decedent's death until after Sesher had withdrawn all the funds. Thus, it may have been operating under apparent authority.