IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | JUDGMENT ENTRY |
| | : | NUNC PRO TUNC |
| - vs - | : | |
| | : | CASE NO. 12CA24 |
| | : | |
| MARK R. CLEMENS | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |

An error has been brought to our attention in our opinion in the within case, filed on June 26, 2013.  Upon review, we find the judgment entry contains a scrivener's error. The judgment entry should read, "For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant."  The scrivener's error does not affect our conclusion.

Accordingly, we hereby correct the opinion and reissue it nunc pro tunc, to be in effect as of June 26, 2013.

IT IS SO ORDERED.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. Clemens*, 2013-Ohio-3303.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARK R. CLEMENS | : | Case No. 12CA24 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

<u>NUNC PRO TUNC</u>


CHARACTER OF PROCEEDING:      Appeal from the Mount Vernon Municipal Court, Case No. 11 TRC 0411



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      July 24, 2013

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

P. ROBERT BROEREN, JR.      DAVID H. BIRCH
Assistant Director of Law      286 South Liberty Street
5 North Gay Street, Suite 222      Powell, OH 43065
Mount Vernon, OH 43050

*Baldwin, J.*

{¶1}    Appellant Mark R. Clemens appeals a judgment of the Mount Vernon Municipal Court convicting him of operating a motor vehicle under the influence of alcohol (R.C. 4511.19(A)(1)(a)), failure to control (R.C. 4511.202), and failure to wear a seatbelt (R.C. 4513.263(B)(1)).  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}    At approximately 6:30 p.m. on August 26, 2011, appellant was driving his car on New Delaware Road in Knox County.   Trent Kelly, who lives on New Delaware Road, was standing in his driveway when he heard car brakes applied for a long period of time followed by the sound of a car rolling.  Kelly located appellant's car in a field. Appellant had been ejected from the vehicle.  Kelly asked another bystander to call 911 while Kelly stayed with appellant.

{¶3}    Medical personnel arrived on the scene to provide aid to appellant. While preparing appellant for air medical transport to Grant Medical Center in Columbus, they learned that appellant had been drinking prior to the accident.

{¶4}    Trooper Brandon Ruhl of the Ohio State Highway Patrol arrived on the scene while medical personnel were preparing appellant for transport.   Appellant told the trooper that he was on his way home from Choo Choos, a bar in Mount Vernon. Tpr. Ruhl asked appellant how much had had to drink at Choo Choos, and appellant responded, "a lot."   The trooper smelled an odor of alcohol coming from appellant's person, appellant's eyes were glassy and bloodshot, and appellant was combative and uncooperative with emergency medical personnel.

{¶5}     Tpr. Ruhl contacted his lieutenant, who asked Sgt. Justin Hurlbert to go to Grant Medical Center in Columbus to request a chemical test from appellant.   Sgt. Hurlbert read appellant the BMV form 2255, and appellant refused to provide a blood sample.

{¶6}     Tpr. Ruhl met with appellant on August 30, 2011, at appellant's home. Appellant told the trooper that he was driving home and lost control of his car because a tire had come off the vehicle.   Appellant also admitted to consuming three beers at Choo Choos prior to the accident.   The trooper cited appellant for operating a motor vehicle under the influence of alcohol, failure to control and failure to wear a seatbelt.

{¶7}     The case proceeded to jury trial in the Mount Vernon Municipal Court. Appellant was convicted as charged.   For operating a vehicle while under the influence of alcohol he was fined $750.00 and placed on community control for five years.   The court imposed no additional fine for failure to control, and fined appellant $30.00 for failure to wear a seat belt.   He assigns four errors on appeal:

{¶8}     "I.   THE TRIAL COURT ERRED BY DENYING THE DEFENDANTS [SIC] ADMINISTRATIVE LICENSE SUSPENSION APPEAL.

{¶9}     "II.   THE TRIAL COURT ERRED IN LIMITING THE TESTIMONY OF THE APPELLANT'S EXPERT WITNESS.

{¶10}   "III.    THE TRIAL COURT ERRED IN ALLOWING THE RECORDED TESTIMONY OF THE STATES [SIC] WITNESS.

{¶11}   "IV.    THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶12}   In his first assignment of error, appellant argues that the court erred in denying his administrative license suspension appeal.

{¶13}   R.C.   4511.197(A), which governs administrative license suspension appeals, provides in pertinent part:

{¶14}   "(A) If a person is arrested for operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or for being in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and if the person's driver's or commercial driver's license or permit or nonresident operating privilege is suspended under sections 4511.191 and 4511.192 of the Revised Code, the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge."

{¶15}   Appellant was cited on August 30, 2011.  His arraignment was set for September 6, 2011.  On August 31, 2011, he filed a written plea of not guilty to the charges.  He filed his appeal from his administrative license suspension on October 25, 2011.   The appeal was clearly not filed within thirty days after appellant's initial appearance on the charge as required by R.C.4511.197(A), and the court therefore did not err in denying his appeal.

{¶16}   The first assignment of error is overruled.

II.

{¶17} In his second assignment of error, appellant argues that the court erred in limiting the testimony of his expert witness, Dr. Alfred Staubus.

{¶18} Dr. Staubus testified as to what he believed appellant's blood alcohol concentration would have been at the time of the accident, based on his review of the medical records from the hospital. However, when counsel asked Dr. Staubus if appellant was impaired at the time of the accident, the court sustained the State's objection. Appellant proffered an opinion letter in which Dr. Staubus expressed his opinion that there was no reliable evidence that appellant was impaired at the time of the accident.

{¶19} Appellant argues that the court erred in sustaining the objection, as opinion evidence embracing the ultimate issue in the case is admissible pursuant to Evid. R. 704, which states, "Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

{¶20} However, while testimony on an ultimate issue to be decided by the trier of fact is not per se inadmissible pursuant to Evid. R. 704, it is within the sound discretion of a trial court to refuse to admit the testimony of an expert witness on an ultimate issue where such testimony is not essential to the jury's understanding of the issue, and the jury is capable of coming to a correct conclusion without it. *Bostic v. Connor*, 37 Ohio St. 3d 144, 524 N.E.2d 881, paragraph 3 of the syllabus (1988). The staff notes to the rule note that Evid. R. 704 is to be read in conjunction with Rule 701 and 702, which require that opinion testimony be helpful to, or assist, the trier of fact in the

determination of a factual issue. Evid. R. 702 provides that the opinion of an expert witness is admissible if it "either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons."

{¶21} In the instant case, the expert's testimony was not essential to the jury's understanding of the issue of impairment or the jury's ability to draw a conclusion on the issue from all the evidence presented in the case, including the expert's testimony concerning probable blood alcohol level. The trial court did not abuse its discretion in excluding Dr. Staubus' testimony on whether appellant was legally impaired at the time of the accident.

{¶22} The second assignment of error is overruled.

III.

{¶23} Appellant argues that the court erred in allowing the jury to hear the recorded testimony of Stanley Hawkins. Mr. Hawkins testified at the suppression hearing on the issue of appellant's failure to sign the BMV form 2255, as he was present in the room with the trooper when appellant refused to consent to chemical testing. Mr. Hawkins was subpoenaed for trial but did not appear. Appellant admits that the testimony was not hearsay pursuant to Evid. R. 804(A) and (B), but he argues that subsequent to the suppression hearing, he thought of other questions he wished to ask Mr. Hawkins, and therefore his right to confrontation was violated.

{¶24} At the time the State asked that Mr. Hawkins testimony be read in the record, counsel for appellant represented to the court that appellant and his family did not want him to stipulate to Hawkins' testimony, as additional things happened during that meeting in the hospital room that they wanted the jury to be made aware of, and

they had discovered Hawkins was not a peace officer but was "more of a security guard." Tr. 74.

{¶25} Appellant did not proffer what questions he intended to ask Hawkins if he had been available at trial, other than he was not a peace officer. However, Hawkins testified at the suppression hearing that the department he worked for at the hospital was certified, but he was not a certified peace officer, and counsel cross-examined him on this issue. Hawkins' testimony at the suppression hearing consumes three pages of transcript and is limited to the issue of his presence in the room when appellant refused to consent to the blood test. From the record, we cannot determine that appellant was denied his right of confrontation on any matter at issue in the case.

{¶26} The third assignment of error is overruled.


IV.

{¶27} In his fourth assignment of error, appellant argues that the judgment is against the manifest weight of the evidence. He argues that there was no evidence that he was driving while under the influence of alcohol other than the odor of alcohol, and no evidence that appellant was the driver of the vehicle. He argues there was no evidence to refute his claim that a tire came off the vehicle when he was driving.

{¶28} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387,

1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶29}   Appellant was convicted of violating R.C. 4511.19(A)(1)(a):

{¶30}   "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶31}   "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶32}   Tpr. Ruhl testified that appellant admitted to him that he was driving the vehicle when the accident occurred.  Further, the trooper testified that the vehicle was missing a tire when it was at its final resting place in the field, but based on his investigation concerning tire marks on the roadway, the tire was still on the vehicle when it was on the road.  Further, the odor of alcohol about appellant was not the only evidence of impairment.  Appellant admitted to emergency medical personnel that he had been drinking at Choo Choos.  Tpr. Ruhl testified that when he asked appellant at the scene how much he had to drink, appellant responded, "a lot."  When interviewed several days later at his home, appellant told the trooper he drank three beers at Choo Choos.  In addition to the odor of alcohol, the trooper noted that appellant's eyes were glassy and bloodshot, and appellant was combative and uncooperative with emergency medical personnel.   The judgment convicting appellant of violating R.C. 4511.19(A)(1)(a) is not against the manifest weight of the evidence.

{¶33}   The fourth assignment of error is overruled.  The judgment of the Mount

Vernon Municipal Court is affirmed.  Costs assessed to appellant.


By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.


_____

HON. CRAIG R. BALDWIN


_____

HON. W. SCOTT GWIN


_____

HON. JOHN W. WISE


CRB/rad

[Cite as *State v. Clemens*, 2013-Ohio-3303.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff -Appellee | : | NUNC PRO TUNC |
| -vs- | : | JUDGMENT ENTRY |
| MARK R. CLEMENS | : | |
| Defendant -Appellant | : | CASE NO. 12CA24 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mt. Vernon Municipal Court is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE